# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1999 SESSION

**FILED**

**October 25, 1999**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. 02C01-9809-CR-00281 |
| **Appellee** | * | SHELBY COUNTY |
| **V.** | * | Hon. James C. Beasley, Jr., Judge |
| **CHRISTOPHER LOVE,** | * | (Probation Revocation) |
| **Appellant.** | * | |

For Appellant

Robert M. Brannon, Jr.
295 Washington, Suite 3
Memphis, TN 38103

For Appellee

Paul G. Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Patricia Kussmann
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Paula Wulff
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:

AFFIRMED - RULE 20

NORMA MCGEE OGLE, JUDGE

**OPINION**

The appellant, Christopher Love, appeals the revocation of his probationary sentence by the Shelby County Criminal Court. The appellant contends that the evidence adduced at the probation revocation hearing is insufficient to support the trial court's exercise of discretion. Following a thorough review of the record, we conclude that this is an appropriate case for affirmance pursuant to Ct. of Crim. App. Rule 20.

On October 5, 1993, the appellant pled guilty to possession of cocaine with intent to sell. The trial court imposed a sentence of eight years incarceration in the Tennessee Department of Correction. The trial court then suspended the sentence, with the exception of six months confinement in the Shelby County Correctional Center, placing the appellant on probation for eight years. The conditions of probation included obeying federal and state laws.

On August 12, 1998, the State submitted a petition to revoke the appellant's probationary sentence, alleging that on January 15, 1998, the appellant was arrested and charged with two counts of unlawful possession of a controlled substance with intent to sell and further asserting that the appellant in fact violated the law. The trial court conducted a hearing on September 9, 1998.

At the hearing, Carl Harrison, an undercover officer with the Shelby County Sheriff's Department, testified that on January 15, 1998, he purchased three pounds of marijuana from an Antonio Phillips for two thousand and five hundred dollars ($2,500.00). He then observed Mr. Phillips deliver the proceeds to another individual seated in the appellant's car. The appellant was in the driver's seat. Officer D. L. Galloway, also with the Shelby County Sheriff's Department, further

2

testified that, immediately thereafter, he detained the appellant's car and arrested the occupants. Upon stopping the car, he discovered fifty-six point three (56.3) grams of "powder cocaine" and twenty-six point eight (26.8) grams of "crack cocaine" on the rear seat of the car. Moreover, an Officer J. E. Blackwell recovered two thousand and five hundred dollars ($2,500.00) from the driver's seat of the car. On the basis of this proof, the trial court revoked the appellant's probation.

A trial court may revoke a defendant=s probation when it finds that the probationer has violated the conditions of probation. See Tenn. Code Ann. ' 40-35-310 (1997). In determining whether or not to order revocation, the trial judge need not find beyond a reasonable doubt that a violation of the conditions of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. Tenn. Code Ann. ' 40-35-311(e)(1998 Supp.). On appeal, the record must demonstrate that the trial judge has not acted arbitrarily and has exercised conscientious judgment. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). In other words, this court will not reverse the judgment of the trial court absent an abuse of discretion, reflected in the record by a lack of substantial evidence to support the trial judge=s findings. Id. This court=s review of the evidence does not encompass an evaluation of the credibility of the witnesses at the probation revocation hearing. The trial judge determines the credibility of witnesses. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In accordance with these principles, we conclude that substantial evidence in the record supports the trial judge's finding that the appellant violated the conditions of his probationary sentence.

Pursuant to Ct. of Crim. App. Rule 20, we affirm the judgment of the trial court.

Norma McGee Ogle, Judge

CONCUR:

David H. Welles, Judge

David G. Hayes, Judge