# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION



**FILED**

**February 10, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | **NO. W1999-01256-CCA-R3-CD** |
| | ) | |
| **VS.** | ) | **MADISON COUNTY** |
| | ) | |
| **JANIE COUSETT,** | ) | **HON. ROY B. MORGAN, JR.,** |
| | ) | **JUDGE** |
| Appellant. | ) | |
| | ) | (Community Corrections |
| | ) | Revocation) |

**FOR THE APPELLANT:**

**GEORGE MORTON GOOGE**
District Public Defender

**STEPHEN P. SPRACHER**
Assistant District Public Defender
227 West Baltimore Street
Jackson, TN 38301-6137
(At Trial and On Appeal)

**C. MICHAEL ROBBINS**
46 North Third Street, Suite 719
Memphis, TN 38103
(On Appeal Only)

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**R. STEPHEN JOBE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**SHAUN A. BROWN**
Assistant District Attorney General
225 Martin Luther King Drive
P.O. Box 2825
Jackson, TN 38302-2825

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

In July 1998, defendant pled guilty to theft of property over $1,000, a Class D felony, and received a four-year community corrections sentence. In November 1998, the trial court issued a revocation warrant due to alleged violations of her community corrections sentence. The trial court revoked community corrections, and defendant appeals as of right charging:

(1)     the underlying revocation warrant is void since it did not contain a sworn affidavit upon which the trial judge could make a determination of probable cause; and

(2)     the trial court abused its discretion by revoking community corrections and ordering her sentence served with the Tennessee Department of Correction (T.D.O.C.).

We find the warrant was valid, and that the trial court did not abuse its discretion. Therefore, we **AFFIRM** the judgment of the trial court in all respects.

**I. FACTS**

In July 1998, defendant pled guilty to theft over $1,000 and received a four-year community corrections sentence. In November 1998, case officer Sherry Hall filed an unsworn "affidavit" with the trial court alleging defendant's violation of her community corrections sentence. Specifically, the document charged defendant with failure to report, failure to submit to drug screens and failure to pay fines and costs. Based upon Hall's written allegations, the trial court issued a warrant for defendant's arrest which was executed in February 1999.

At the revocation hearing, defendant admitted her failure to report and failure to pay fines and costs. She also admitted failure to report an arrest (a ground newly raised by the state at the hearing). However, she contested the allegation that she failed to submit to a drug screen and offered explanations for the other violations.

After hearing testimony from Sherry Hall and defendant, the trial court found defendant in violation, revoked her community corrections sentence and ordered the sentence served with T.D.O.C.

2

## II. VALIDITY OF WARRANT

Initially, defendant challenges the validity of the revocation warrant issued by the trial court. She claims that an arrest warrant must be based upon sworn facts from which the trial court can make a determination of probable cause. *See* Tenn. R. Cr. P. 3 and 4. Because the trial court issued this warrant based upon unsworn allegations, defendant argues that the warrant and all subsequent proceedings are void. We respectfully disagree.

Revocation procedures for probation and community corrections are treated similarly. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. Crim. App. 1996). Tenn. Code Ann. § 40-35-311(a) provides that "[w]henever it *comes to the attention of the trial judge* that any defendant, who has been released upon suspension of sentence . . . has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a warrant for the arrest of such defendant." (Emphasis added). Thus, unlike an arrest warrant issued pursuant to the Tennessee Rules of Criminal Procedure, issuance of a probation revocation warrant is governed by statute and does not require an affidavit. State v. Roger Dale Chisam, C.C.A. No. 85-194-III, Franklin County (Tenn. Crim. App. filed December 13, 1985, at Nashville), *perm. to app. denied* (Tenn. 1986). Revocation of a community corrections sentence is governed by Tenn. Code Ann. § 40-36-106(e)(4). This statute does not set forth any specific requirements for the revocation warrant.

In this case, the trial court received written allegations from the case officer that defendant violated several conditions of her community corrections sentence. This was sufficient for the revocation warrant to be issued for defendant. This issue is without merit.

## III. COMMUNITY CORRECTIONS REVOCATION

Defendant admitted several violations of her community corrections sentence. Nevertheless, she claims that, in light of her explanations for the

violations, the trial court abused its discretion by revoking community corrections and ordering her sentence to be served with T.D.O.C.

Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. Harkins, 811 S.W.2d at 82. Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that violation of a community corrections sentence has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Defendant admitted her failures to report, to pay fines and costs, to perform community service and to report a new arrest. Furthermore, defendant failed to make herself available for a drug screen as requested by her case officer at their one and only office visit on October 27, 1998.

In her testimony, defendant offered the following explanations for her violations:

(1)     her failure to report stemmed from working twelve-hour shifts, often at night, which caused her to oversleep and/or miss regular office hours;

(2)     her failure to make payments toward her fines and costs stemmed from her need to pay rent and utilities as the sole support for her family;

(3)     her failure to complete community service was due to scheduling coordination problems with her job; and

(4)     the failure to report her new arrest stemmed from the fact that the community corrections office blocked collect calls from the jail, and defendant had no phone at home.

The trial court determined that, in spite of several opportunities to do so, defendant failed to report to her case officer; made no effort to pay her fines, costs and restitution; failed to complete any community service; and failed to report a new arrest. Furthermore, the trial court found defendant's explanations for those failures insufficient in light of the amount of time she was on release in the community and revoked her community corrections sentence.

4

Our review of the trial court's decision reveals no abuse of discretion. This issue is without merit.


## CONCLUSION


Based upon the foregoing, we **AFFIRM** the trial court's revocation of community corrections.



_____
 **JOE G. RILEY, JUDGE**



**CONCUR:**



_____
**JOHN EVERETT WILLIAMS, JUDGE**



_____
**ALAN E. GLENN, JUDGE**