# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 2000 Session

## STATE OF TENNESSEE v. JAMES DOUGLAS HAMPTON

**Appeal from the Circuit Court for Blount County**
**No. C-10412      D. Kelly Thomas, Jr., Judge**

---

**No. E1999-00115-CCA-R3-CD**
**September 26, 2000**

---

The defendant appeals from the trial court's revocation of his probation. The defendant admits that he materially violated his probation, but contends that the trial court's disposition of the case was improper. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Raymond Mack Garner, District Public Defender, and Shawn G. Graham, Assistant District Public Defender, for the appellant, James Douglas Hampton.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tammy M. Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, James Douglas Hampton, appeals as of right from the trial court's revocation of his probation. Although the defendant admits that he violated his probation, he contends that the trial court's disposition of the case was improper. He argues that the trial court should have ordered him to remain on supervised intensive probation or, in the alternative, to serve a period of split confinement followed by placement into a therapeutic half-way house with supervision by Community Corrections.

On December 22, 1998, the defendant pled guilty to aggravated assault and was sentenced to six years imprisonment. He was, however, placed on supervised intensive probation. On August 23, 1999, a hearing was held to determine if the defendant had violated his probation. At the hearing, Marcus Miller, the defendant's probation officer, testified as follows: He was assigned to the defendant's case on December 22, 1998. On January 15, 1999, he filed a probation violation report,

and on January 20, 1999, a probation violation warrant was issued, alleging that the defendant changed residences without notifying him, did not report to him, did not keep curfew, failed to pay court costs, and failed to enroll in an MRT program. The defendant was arrested on January 24, 1999, and remained in jail until June 7, 1999, when he was released on bond. Conditions of the defendant's release were to report to Miller twice a week and to attend scheduled meetings at the Overlook Center for evaluation.

Miller testified that he was out of the office on June 9, 1999, when the defendant left a message that he was residing at the Knoxville Union Rescue Mission. Miller called the Rescue Mission on June 15, 1999, and learned that the defendant was not there. However, Reverend Joe Colquitt returned his call and told him that the defendant had been arrested. Miller contacted the Knox County Jail and discovered that the defendant had been arrested for public intoxication. On June 21, 1999, a second probation violation warrant was issued, alleging that the defendant violated his probation by being arrested for public intoxication, by moving from his residence without permission, and by not reporting to Miller. Miller recommended that the defendant's probation be revoked and that the defendant be placed in a special needs facility within the Department of Correction. On cross-examination, Miller acknowledged that the defendant had alcohol problems and mental health issues.

The defendant testified that he did not have a set schedule to meet with Miller but that he attended required meetings with him. He also said that he attended "alcohol meetings." He said that after being released from custody in June 1999, he went to the Rescue Mission and was waiting to register when he was arrested for public intoxication. He stated that he was not intoxicated when he was arrested. The defendant testified that he would meet with his probation officer if he were allowed to continue on probation. He said that he would participate in alcohol-related programs and that he could stay at his family's residence instead of living in several locations.

The trial court found that the defendant had violated his probation. It stated that the defendant had his own ideas about what he should and should not be able to do and that it was apparent that he could not function on his own. The trial court noted that the defendant had met with his probation officer only one time. Because the defendant did not propose an alternative that would provide a stable, structured environment and that would protect him and the public, the trial court concluded that the only option was to sentence the defendant to incarceration in the Department of Correction. The trial court recommended that the defendant be placed in the special needs unit. On appeal, the defendant does not challenge the finding that he violated his probation. Rather, he argues that incarceration was not appropriate.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing

of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings.  State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citation omitted).

In the present case, the defendant admits that he violated probation.  The trial court ordered incarceration because it found that the defendant had his own ideas about what he should or should not do and that he could not function on his own.  The record contains substantial evidence to support these findings.  The judgment of the trial court is affirmed.


_____
JOSEPH M. TIPTON, JUDGE