# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 25, 2001

## STATE OF TENNESSEE v. MARY JANE BURCHFIELD McMAHAN[1]

**Direct Appeal from the Criminal Court for Blount County**
**No. C-11083     D. Kelly Thomas, Jr., Judge**

---

**No. E2000-03156-CCA-R3-CD**
**October 26, 2001**

---

The defendant appeals the trial court's revocation of her probation. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); Raymond Mack Garner, District Public Defender; and George H. Waters, Assistant District Public Defender (at hearing), for the appellant, Mary Jane Burchfield McMahan.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Michael L. Flynn, District Attorney General; and William R. Reed, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

The defendant originally pled guilty on July 1, 1999, to introducing contraband into a penal institution for an agreed sentence of four years probation. On October 31, 2000, the defendant pled guilty to a probation violation and was ordered to serve 55 days incarceration, with the remainder of the sentence on probation upon the successful completion of a drug treatment program to be attended daily on a furlough. On November 3, 2000, upon returning from furlough, the defendant

---

[1]The defendant is referred to in various pleadings as Mary Jane McMahan, Mary Jane McMahan Burchfield, and Mary Jane Burchfield McMahan.

failed a drug screen. The trial court subsequently conducted an evidentiary hearing and revoked the defendant's probation. This appeal followed.

## PROBATION REVOCATION

### A. Standard of Review

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

### B. Testimony at Hearing

Stacy Lawhorn, a nurse practitioner with the Blount County Sheriff's Department, testified she conducted a drug screen on the defendant on November 3, 2000. She further stated the defendant failed the screen, testing positive for morphine and benzodiazepines. Lawhorn inquired from the defendant if she had used drugs, and the defendant stated she had taken prescription drugs, as authorized by her doctor at the drug treatment center.

Lawhorn then submitted a biologic specimen taken from the defendant to a laboratory for confirmation. She testified the results of the laboratory test confirmed her initial results. Upon defense objection, however, the trial court ruled the written copy of the lab results was inadmissible.

The defendant did not testify or offer any proof.

The transcript of the hearing reveals that the following occurred at the conclusion of the proof:

> **The Court:** To be fair to Ms. Burchfield, I want to find out if what she told the nurse practitioner is true or not; that being that the doctor at the treatment center . . . told her to fill her prescriptions. If that is the case, then I'm going to allow Ms. Burchfield to be released and serve this sentence out on probation . . . .
>
> If that is not true, then she may not get out on probation.
>
> So, in the interest of time, could we see – possibly call over at the Lighthouse and see if there is anyone there who could maybe give us a definitive answer to that

question? If we need to go through the formal channels, we're going to have to wait till–

      **[Prosecutor] Reed:** Ms. Lawhorn has indicated she has access and has a good way to do that, so I recommend the Court allowing her to do that.

      **The Court:** Do you have a suggestion?

      **[Defense Counsel] Waters:** Well, just that I'd like to be able to talk to the person, too.

      **The Court:** Sure, you can.

      **Mr. Waters:** And I think then we would not have the hearsay problem and –

      **The Court:** You all three can go and do it and speak with the people.

      **Mr. Reed:** I'll let Ms. Lawhorn be my proxy, if you don't mind.

      **The Court:** That's fine. And if you locate a person that can tell you, then after they tell you, they can tell Mr. Waters, would be fine . . . . Send a court officer after me as soon as you all find out something.

      (Whereupon, court concluded for the day. In regard to this case, no other proceedings were held on this day.)

Unfortunately, nothing further appears in the record relating to efforts to ascertain whether the defendant was told to take this medication. The next thing appearing in the record is the order of the trial court revoking probation. The order makes no express reference to whether or not the defendant had been told to take the medication.

## C. Analysis

The trial court had sufficient evidence before it to conclude by a preponderance of the evidence that the defendant violated probation by taking the unauthorized controlled substances. Stacy Lawhorn testified the drug screen she personally conducted revealed the presence of morphine and benzodiazepines. This testimony alone was sufficient to establish the violation, regardless of the inadmissibility of the subsequently obtained laboratory report. Furthermore, the defendant admitted to Lawhorn that she had taken these controlled substances. The defendant's argument on appeal that this admission was in violation of <u>Miranda</u> is waived due to the failure to object at the hearing. <u>State v. Thompson</u>, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000).

The defendant did not testify at the revocation hearing. Nevertheless, the trial court in order "to be fair" gave the defendant the opportunity to establish that she was told by the doctor at the treatment center that she could take these drugs. However, the record is silent as to any evidence in this regard. The trial court's order revoking probation implicitly recognized that no such proof was presented. If such evidence was presented to the trial court, the failure to include it in the record waives the issue and allows us to presume that the ruling of the trial court was correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

## CONCLUSION

The record supports the revocation of probation. We affirm the judgment of the trial court.


_____
JOE G. RILEY, JUDGE