IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 14, 2003 Session

## STATE OF TENNESSEE v. EMERY WELLS

**Appeal from the Circuit Court for Coffee County**
**No. 29,896     L. Craig Johnson, Judge**

**No. M2003-00795-CCA-R3-CD - Filed January 23, 2004**

The Appellant, Emery Wells, pled guilty to two counts of aggravated assault and was sentenced to an effective eight-year sentence, with the sentence being suspended after service of ninety days in jail. A probation violation warrant was subsequently issued alleging violation of the following conditions: (1) failure to report to his probation officer; (2) failure to obey the laws of this state; and (3) failure to report a new arrest. Following a hearing, the trial court revoked Wells' suspended sentence and ordered his eight-year sentence to be served with community corrections, after service of an additional ninety-day period of jail confinement. Wells concedes that the violations occurred, but he argues that the revocation did not "aid the interest of both the public and the [Appellant]," as it will likely result in the loss of his employment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Robert L. Huskey, Manchester, Tennessee, for the Appellant, Emery Wells.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; Charles Michael Layne, District Attorney General; and Jason Ponder, Assistant District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the probationer has violated a condition of probation. Tenn. Code Ann. § 40-35-311(e) (2003). The decision to revoke probation rests within the sound

discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82-3 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.; State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832.

Testimony at the hearing established that the Appellant traveled to Henderson, Kentucky, without authorization to do so and, while there, was arrested for public intoxication. This arrest was never reported to his probation officer. Also, while on probation, he was charged with DUI and aggravated assault, resulting in convictions for driving while impaired and simple assault. Further testimony established that the Appellant habitually failed to report to his probation officer as directed. Finally, the record reflects that the Appellant has been enjoined by an Order of Protection from causing or attempting to cause his current wife bodily injury. The Appellant begrudgingly acknowledged his transgressions, insisting, however, that his faults have "revolved around the two women that have been in his life." As such, he argues that his life has been "flaw[ed]" by his ex-wife and his current wife. The record demonstrates that there is overwhelming evidence to support the trial court's finding that a violation occurred and that the trial court's sentencing decision is justified. Finding no abuse of discretion, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE