IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. DONALD W. BRYMER, JR.

**Direct Appeal from the Circuit Court for Williamson County**
**No. 11-1299-402   Timothy L. Easter, Judge**

---

**No. M2003-01712-CCA-R3-CD - Filed February 27, 2004**

---

The Defendant, Donald W. Brymer, Jr., appeals from the Williamson County Circuit Court's revocation of his probation that he received for his guilty plea to one count of statutory rape. The Defendant contends that the trial court abused its discretion by revoking his probation and sentencing him to confinement. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Eugene Honea, Franklin, Tennessee, for the appellant, Donald W. Brymer

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The Defendant, Donald W. Brymer, Jr., pled guilty to one count of statutory rape, a Class E felony, and the trial court sentenced him in February of 2000 as a Range I, standard offender to a suspended two year sentence, with three years of supervised probation. The record reflects that, on August 4, 2002, the Defendant was driving a car in Williamson County and had a wreck in which a passenger was killed and the Defendant's four-year old son, who was unrestrained at the time of the accident, suffered a broken nose. On December 11, 2002, the Defendant was indicted for reckless endangerment pursuant to Tennessee Code Annotated section 39-13-103 (1997). On December 16, 2002, a probation violation warrant was filed, alleging that the Defendant had violated the terms of his probation by: (1) failing to obey all local, state and federal laws and ordinances; and (2) failing to pay restitution, fees, court costs, or fines in this case in accordance with a schedule determined by the probation officer or the court.

At the revocation hearing, Cheri Pitzer, the Defendant's probation officer, testified that the Defendant signed his probation order on February 15, 2000, and that, in that order, he agreed not to violate any conditions of the law and to pay court costs in accordance with a schedule. She stated that the Defendant agreed to make one payment per month in the amount of $78.00. According to Pitzer, the Defendant only made payments every other month, with his last payment made on October 11, 2002, and he still owed a balance of $1,472 at the time of the issuance of the warrant. On cross-examination, Pitzer testified that the Defendant was arrested on December 11, 2002, and that after such an arrest it is the policy of her agency to file a warrant for the violation of probation. Pitzer stated that, other than the sporadic payment history, the Defendant complied with the terms of his probation.

Carol Matkin, an officer with the Williamson County Sheriff's Department, testified that she responded to a traffic accident on August 4, 2002. She testified that the Defendant's car was lodged in some trees and that he and his son were standing outside the car. The officer stated that the Defendant's son had a swollen and bloody nose and that the Defendant had a "busted" lip. Officer Matkin stated that there was a man, Stoney Hilliard, still in the passenger seat of the vehicle, and that he had a "hole in the side of his head and a serious arm injury." She stated that Hilliard was flown in a helicopter to a nearby hospital, where he died a few days later.

Officer Matkin testified that she met the Defendant and his son at the hospital, and, at that time, the Defendant told her that his son had a broken nose. The officer stated that the Defendant told her that he fell asleep and ran off the road. The officer questioned the Defendant about the incident again later and the Defendant told her that he drank beer with Hilliard the night before the accident and that he was so intoxicated that he slept on the couch. On cross-examination, the officer testified that the Defendant consented to a blood-alcohol test, and the test did not indicate the presence of alcohol in the Defendant's body.

Alan Brenneis, an officer with the Tennessee Highway Patrol, testified that Officer Matkin asked him to assist her in reconstructing the scene of the accident. The officer testified that, according to his calculations, the minimum speed at which the Defendant could have been traveling at the time of the accident was fifty-three miles per hour. He stated that the speed limit on the road where the accident occurred was either forty or forty-five miles per hour. The officer stated that, according to his investigation, none of the three passengers were wearing seatbelts.

From this evidence, the trial court determined that the Defendant violated his probation by participating in a violation of Tennessee Code Annotated section 39-13-103 and by failing to pay court costs as scheduled. Furthermore, the court found that there was no evidence before it upon which it could sentence the Defendant to alternative sentencing, and, therefore, it ordered the Defendant to serve his two-year sentence for statutory rape in prison.

## II. Analysis

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311(e) (1997 & Supp. 2002). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgement as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In this case, the probation officer's testimony that the Defendant did not pay his court costs as scheduled was uncontroverted. Furthermore, Officer Brenneis testified that his calculations supported a finding that the Defendant was speeding with his four-year old, unrestrained, son in the front seat. We do not believe that the Defendant has demonstrated that the trial court abused its discretion by revoking the Defendant's probation and ordering him to serve his two-year sentence. To the contrary, the trial court's decision is supported by the fact that the Defendant has failed to pay his court costs and that the evidence indicates that his reckless driving resulted in the death of his friend and bodily injury to the Defendant four-year-old son.

## III. Conclusion

In accordance with the foregoing, we conclude that the trial court did not abuse its discretion by revoking the Defendant's probation. Therefore, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE

-3-