IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 26, 2005

**TONY DUANE WADE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**Nos. 40400676, 40400558 & 40400613   John H. Gasaway, III, Judge**

---

**No. M2005-00617-CCA-R3-CD - Filed December 12, 2005**

---

In three separate cases, the Defendant, Tony Duane Wade, pled guilty to two counts of forgery and two counts of aggravated burglary. In accordance with a plea agreement, the trial court sentenced the Defendant to an effective sentence of ten years, to be served on community corrections. Subsequently, the trial court found that the Defendant had violated his community corrections and ordered him to serve ten years. The Defendant now appeals contending that the trial court abused its discretion when it revoked his community corrections sentence. Finding no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Patrick G. Frogge (on appeal), Nashville, Tennessee, Collier Goodlett (at guilty plea hearing) for the Appellant, Tony Duane Wade.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General;John W. Carney, Jr., District Attorney General; John E. Finklea, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

The Defendant pled guilty to: two counts of forgery in case number 40400676; one count of aggravated burglary in case number 40400558; and one count of aggravated burglary in case number 40400613. The trial court sentenced him in accordance with a plea agreement to four years for each of the forgery convictions and ten years for each of the aggravated burglary convictions, and

1

it ordered that those sentences run concurrently to each other for an effective sentence of ten years. On November 4, 2004, the trial court ordered that the Defendant's sentence be served on community corrections. On December 8, 2004, the trial court issued a warrant alleging that the Defendant had violated the terms of his community corrections. At a hearing on this issue, the following occurred:

Gene Lewis, a senior case officer for the Montgomery, Robertson County Community Correction Program, testified that he requested a violation of the Defendant's community corrections sentence. He said that during a records check his office discovered that, on December 5, 2004, the Defendant was arrested for theft and evading arrest. Lewis provided a certified copy of the conviction on that arrest, which showed that the Defendant pled guilty to, and was convicted of, theft on February 15, 2005, and he was sentenced to eleven months and twenty-nine days for that offense.

The Defendant testified that he was out of jail for approximately one month when he "took some drugs." He said that he could not find employment, which upset him. He said that he finally got a job, working for the light department where he was previously employed, and, when he was hired, he thought that he owed it to himself to celebrate. He said that he went back to doing the same things that got him in trouble originally, and those things led to his arrest for theft and evading arrest. The Defendant said that he got hired and was supposed to being working on Monday, but he was arrested on Sunday night and never went to work.

The Defendant testified that he was thirty-five years old and was living with his grandmother. He said that he did not pay her any rent, but he did pay for his upkeep. The Defendant testified that he had found God and, if the trial judge allowed him to stay on community corrections, he would preach the word to everybody. He also said that he had been to prison before for four years, and he had been using drugs and alcohol before he went to prison. He said that he received some drug and alcohol counseling, but it was not helpful. The Defendant testified that, when he was younger, he was in a "boys' home" for a total of approximately three years. The Defendant said that all of his charges were strictly drug and alcohol related offenses.

On cross-examination, the Defendant said that, when he pled guilty in November of 2004, the trial judge told him that he was facing twenty-eight years in prison. He conceded that he was out of jail less than thirty days before he was arrested, but he said that he was "powerless over [his] addiction."

Based upon this evidence, the trial court found:

The Court finds by a preponderance of the evidence that [the Defendant] violated the terms and conditions of the community correction sentences in that he was convicted of the crime of misdemeanor theft of property and that by his own admission he used illegal drugs while he was on a release status.

The history of [the Defendant] has – although it has not been presented today, the fact that he is a range two multiple offender speaks for itself that he has a

sufficient criminal history to warrant that classification; and the fact that his criminal activity, by his own admission, goes back to when he was a juvenile means that [the Defendant], who's now 35, has time and time again, over a course of time, commencing when he was a juvenile, has continued to violate the law.

And almost to the day a month after he entered a plea of guilty and was sentenced to these terms of . . . community correction, which if restructured could amount to as much as 28 years of confinement at the Department of Correction, he goes out and commits another crime and uses a controlled substances that is . . . illegal.

To believe that if placed on a release status again he somehow is going to be a law abiding citizen is just simply not credible. That belief would just be unwarranted.

I'm not going to restructure his sentences, but he is ordered to serve the effective ten year sentence in confinement at the Department of Correction. . . .

It is from this order that the Defendant appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court abused its discretion when it revoked his community corrections sentence. Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Further, upon finding a violation, the trial court has the authority to revoke community correction and "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(d)(1).

On appeal, the Defendant in this case does not deny that he violated the terms and condition of his community corrections sentence, but he contends that the trial court neither properly considered the sentencing principles articulated in Tennessee Code Annotated section 40-35-103(1) nor provided adequate factual findings when it ordered that the Defendant's community corrections sentence be revoked. We cannot agree. Tennessee Code Annotated section 40-35-103(1) states that sentences involving confinement should be based on a finding that confinement: (1) is necessary to protect society by restraining a defendant with a long history of criminal conduct; (2) is necessary

3

to avoid depreciating the seriousness of the offense; or (3) because other less restrictive measures have recently been applied unsuccessfully to the Defendant. In this case, the trial court found that the Defendant violated his community corrections by being arrested for theft, a crime to which he later pled guilty, and by using illegal drugs. The trial court noted the Defendant's previous criminal history, which was sufficient to make him a Range II offender, and he noted that this criminal history dated back to the time that the Defendant was a juvenile. The trial court found that the Defendant had only been on community corrections for thirty days when he violated his sentence by committing theft.

We conclude that the trial court adequately articulated its findings on the record and that it did not abuse its discretion when it ordered that the Defendant serve the balance of his sentence in prison. The Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE