IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## STATE OF TENNESSEE v. RICHARD LEE FRAZIER

Appeal from the Criminal Court for Sullivan County
No. S48,302    Phyllis H. Miller, Judge

No. E2005-00776-CCA-R3-CD - Filed December 29, 2005

The defendant, Richard Lee Frazier, appeals the Sullivan County Criminal Court's order revoking his probation. On appeal, the defendant claims that although he violated his probation, the trial court abused its discretion by revoking his probation and ordering him to serve his sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Stephen M. Wallace, District Public Defender, and Leslie S. Hale, Assistant Public Defender, for the appellant, Richard Lee Frazier.

Paul G. Summers, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert H. Montgomery, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's convictions for forgery and identity theft arising from the theft and use of a credit card. In a thirteen count indictment, the Sullivan County Grand Jury charged the defendant with four counts of forgery, a Class E felony, four counts of fraudulent use of a credit card, a Class A misdemeanor, four counts of theft under $500, a Class A misdemeanor, and one count of identity theft, a Class D felony. On August 20, 2004, the defendant entered guilty pleas to four counts of forgery and one count of identity theft. The trial court merged the four counts of fraudulent use of a credit card and four counts of theft under $500 into the four counts of forgery. The defendant received one-year sentences for each of the forgery counts and a three-year sentence for the identity theft count to be served concurrently as a Range I, standard offender. The trial court placed the defendant on supervised probation for three years and ordered the defendant to pay a $100 fine, to pay restitution to the victims, to perform four hundred hours of community service, to refrain

from entering the stores where he committed the offenses, and to avoid using alcohol or drugs. On February 2, 2005, the defendant's probation officer filed a violation warrant alleging the defendant violated the terms of his probation by committing the offenses of driving under the influence, violation of the implied consent law, speeding, third offense driving on a revoked license, no insurance, and violation of the registration law. The warrant also alleged that the defendant behaved in a manner that posed a threat to himself and others and that he used alcohol to excess, thus violating a special condition of his probation which prohibited the use of alcohol.

At the probation revocation hearing, the defendant admitted to the trial court that he had violated his probation. The defendant then took the stand and testified that he had reported the new offenses to his probation officer. He said he had paid his restitution payments and supervision fees as scheduled. He said he had completed thirty-two hours of community service. He said that after being placed on probation, he and his wife separated. He said he had three children. He said he had been working full-time for Gibson Electric as an electrician. He said he started drinking because he and his wife had separated and before he knew it, he was intoxicated. He said that if allowed to go to the Hay House program, he would enroll in alcohol and drug classes and after care and would not drink alcohol again. He said he wanted to support his daughters and keep his job. He acknowledged he had a DUI conviction in 1989 and a driving on a suspended license conviction in 1985.

On cross-examination, the defendant acknowledged that he did not have a valid driver's license. He admitted he had not paid any of his court costs. He acknowledged that he had not attended his alcohol and drug classes in January but explained that it was because he did not have transportation.

Upon questioning by the trial court, the defendant admitted that the State of Virginia classified him as an habitual motor vehicle offender after two driving on a revoked license convictions and a DUI conviction. He acknowledged he was convicted of robbery in 1990 after taking a purse out of a shopping cart. He said his wife left him a few days before he was arrested on the new charges. He said he drank six beers at his house. He admitted driving ninety-five to one hundred miles per hour and crashing into a ditch after trying to pass another car. He said he did not have insurance because he could not afford it and the car was his wife's second car, which she rarely drove.

E.L. Breeding, Jr., testified that he worked with Armstrong Construction Company as the project superintendent. He said the defendant worked on two jobs he had with Gibson Electric and had worked with him as a subcontractor since November 2003. He said he was a fine electrician and had a job if he was able to return to work. He said the defendant had never let alcohol interfere with his work. He said that the defendant usually rode with another electrician to work but that he had seen the defendant drive.

The trial court found that the defendant had violated his probation. It stated

-2-

we've just heard the details of the robbery over there was a purse snatching, a strong-armed robbery in 1990. You had a DUI then ---- you had a DUI conviction December 20th, 1989. According to you, you had two driving on revokes after you had your DUI. You're an habitual traffic offender. You know, not only did you commit a crime; you committed a crime when the risk to human life was high, a DUI and driving 95 to 100 miles an hour. According to the Trooper's affidavit she paced you, [you] tried to get away from her, according to her affidavit after she turned on the blue lights, then you tried to pass a car on the left hand side, of course that's where you pass the cars, I guess, and wrecked and then you tried to get away after you wrecked because you were sitting in the ditch accelerating so, you know, your probation is revoked. You're ordered to serve your sentence, what was it, three years, Range I standard offender in the Tennessee Department of Corrections. That's about all I can say. There's no reason not to revoke your probation.

The defendant contends that the trial court erred by revoking his probation and ordering him to serve his sentence. He asserts that other than these new offenses that he complied with probation. He asserts the trial court should have extended his probation, allowing him to continue his employment. He also asserts he had the potential to rehabilitate himself. The state contends that the trial court properly ordered the defendant to serve his original sentence in confinement. It also contends the evidence established that the defendant violated the terms of his probation and that the defendant admitted the violations.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's decision. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In this case, the defendant admitted violating several conditions of his probation, including the commission of new offenses. We conclude that the trial court did not abuse its discretion by revoking the defendant's probation and ordering him to serve his sentence in incarceration. The judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE

-3-