IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 11, 2006 Session

## STATE OF TENNESSEE v. KENNETH LYLE DAVIS

**Direct Appeal from the Circuit Court for Madison County**
**No. 03-92 Donald H. Allen, Judge**

**No. W2005-02147-CCA-R3-CD  - Filed June 22, 2006**

The defendant, Kenneth Lyle Davis, appeals from the trial court's order revoking his probation and reinstating his original sentence of two years.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Norma McGee Ogle and Alan E. Glenn, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Kenneth Lyle Davis.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Jerry Woodall, District Attorney General; and Angela Scott and Anna M. Banks, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts & Procedural History**

On June 9, 2003, the defendant pled guilty to driving under the influence (DUI) and felony reckless endangerment.  He received an aggregate sentence of two years with five days to be served in confinement and the remainder to be served on probation.  In addition, the defendant was fined $350.00 and ordered to perform one hundred hours of community service.  On April 27, 2005, the defendant's probation officer, Susann Lee, filed a probation violation report alleging that the defendant had failed to pay all fines, supervision fees, and court costs, and had not completed the required hours of community service.  Lee also noted that the defendant's suspended sentence would expire on June 3, 2005.  On May 16, 2005, the trial court stated, in a written order, that the "cause came to be heard . . . upon a probation violation warrant.  It being shown to the court that the

defendant ha[d] not completed payment of fines, costs, and supervision fees in this matter[.]" The trial court then extended the defendant's probation for one year.

In July 2005, a probation violation warrant was issued alleging the defendant violated his probation by committing the offenses of felony evading arrest, possession of methamphetamine with intent to sell and/or deliver, and possession of marijuana with intent to sell and/or deliver. A hearing on the warrant was held on August 15, 2005. At the hearing, Sheriff's Department Investigator, Charlie Yarbrough testified that on June 3, 2005, around 7:30 p.m., he noticed a car parked on the side of Old Humboldt Road. "The driver of the vehicle was leaned forward, [with his] head down," so Yarbrough decided to check on the driver's well-being. As Yarbrough approached the car, the driver turned to look at Yarbrough and drove away. At that point, Yarbrough recognized the defendant to be the driver. Yarbrough explained that he recognized the defendant because he had previously conducted surveillance at the defendant's residence and was familiar with the defendant's car.

When the defendant drove away, Yarbrough activated the lights and siren on his patrol car and followed in pursuit. The pursuit ended after the defendant drove off Deloach Road onto a dirt road, got out of his car, and ran into the woods. Yarbrough searched the abandoned car and found 1.6 grams of methamphetamine, 27.7 grams of marijuana, a pipe, and two sets of scales. He also recovered the defendant's photograph from the car and identified the person in the photograph as the driver of the car. According to Yarbrough, the car was registered in the defendant's name and was not reported stolen. Warrants for the defendant's arrest were obtained approximately three to four weeks later.

Susann Lee testified that she was the defendant's probation supervisor. She explained that she had filed the initial probation violation report because the defendant's probation was nearing expiration and the defendant had neither completed his community service, nor paid all of the fees and fines he owed. Lee stated that after a revocation hearing on May 25, 2005, the trial court extended the defendant's probation for one year, giving the defendant until June 3, 2006, to complete the conditions of his probation. On cross-examination, Lee acknowledged that the defendant had always reported as scheduled, never failed a drug test, completed all of his community service on May 5th, paid his supervision fees on June 16, 2005, and paid the balance of his fees and fines the day of this hearing, August 15, 2005.

Karen McPeak testified on the defendant's behalf. She explained that she employed the defendant to remodel her hair and beauty salon. According to a notation in McPeak's appointment book, the defendant worked, remodeling her salon on June 3, 2005 from "2:30 until 9:30." On cross-examination, McPeak admitted that she could not remember when she made the notation in her appointment book. However, McPeak stated that she stayed with the defendant at the salon until 9:30 p.m. when the defendant quit working.

The defendant testified that his car had been stolen sometime before June 3, 2005. He stated that he called the sheriff's department three or four times to report the theft but was ignored.

However, he acknowledged that he never went down to the police station or met with any police officer to make a formal report of the theft.

Following closing remarks by the state and defense counsel, the trial court revoked the defendant's probation and ordered him to serve the balance of his sentence.

## II. Analysis

On appeal, the defendant argues that the trial court erred in revoking his probation and ordering him to serve his original sentence. We begin our review by noting that the decision to revoke probation lies in the sound discretion of the trial court. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310, 311(e); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *Harkins*, 811 S.W.2d at 82. If the trial court has exercised "conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. *Leach*, 914 S.W.2d at 107. Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

Upon review of the record and the foregoing authorities, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation. In the instant case, the trial court determined that the defendant violated his probation by committing the offenses of felony evading arrest, possession of methamphetamine with intent to sell and /or deliver, possession of marijuana with intent to sell and / or deliver, and driving on a revoked license. In making its determination, the trial court specifically found credible Officer Yarbrough's testimony that: (1) the defendant was the driver of the vehicle; (2) the defendant owned the vehicle; and (3) the vehicle contained 1.6 grams of methamphetamine and 27.7 grams of marijuana. In contrast, the trial court found that the defendant's testimony regarding the theft of his vehicle lacked credibility in that no police report was ever filed. Therefore, it is apparent from the record that the trial court accredited the evidence presented by the state over the evidence presented by the defense. Accordingly, discerning no abuse of discretion, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE

-3-