IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2007

## STATE OF TENNESSEE v. ROBERT CHARLES SKINNER

**Direct Appeal from the Circuit Court for Dyer County**
**No. C05-207     Lee Moore, Judge**

---

**No. W2006-02080-CCA-R3-CD  - Filed August 6, 2007**

---

The defendant, Robert Charles Skinner, appeals from the judgment of the Dyer County Circuit Court, revoking his probation and imposing service of the remainder of his misdemeanor sentence in confinement.  In this appeal, the defendant argues that the court erred in revoking his probation. Following our review of the record, parties' briefs, and the applicable law, we determine no error exists in the court's revocation of probation, and thus affirm the court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

James E. Lanier, District Public Defender, and Patrick McGill, Assistant Public Defender, Dyersburg, Tennessee, for the appellant, Robert Charles Skinner.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that the defendant entered a guilty plea to nonsupport of a minor child, a Class A misdemeanor.  *See* Tenn. Code Ann. § 39-15-101.  As a result, he received a probated sentence of  11 months and 29 days with 30 days to be served in confinement.  Approximately three months later, a probation violation warrant was issued alleging that the defendant violated the terms of his probation by failing to pay $500 a month toward the child support arrearage beginning September 2005.  Thereafter, a probation revocation hearing was held on August 29, 2006.

At the hearing, Kimberly Hill, mother of the defendant's minor child, testified that the defendant was ordered to pay $500 a month toward a child support arrearage of $25,000.  To date, the defendant had made only three of the court-ordered payments: $500 in February 2006, $150 in

March 2006, and $100 in July 2006. Ms. Hill stated that the defendant had no physical problem which would keep him from maintaining employment.

The defendant admitted he owed child support and stated he would begin making payments. The defendant explained that presently, he made only $300 a week. He further stated that "they" take money out of his check every week for child support and he did not know he had to pay separate towards the arrearage. According to the defendant, he would graduate from trucking school in thirty days and would then make about $800 a week. He could then make the $500 a month child support payments. The defendant said he brought $280 to the hearing to pay on his arrearage.

The defendant testified that he only had an 11th grade education and "had no good job." Before going to trucking school, he was working at fast food restaurants. The defendant also noted that he had remarried and had additional children. The defendant acknowledged that he signed a plea agreement which stipulated that upon getting out of jail, he would pay $500 a month toward the child support arrearage. He got out of jail but did not make the payments for September and October 2005. The defendant further acknowledged that he was served with the probation violation warrant in November 2005, but he did not make a child support payment until February 2006.

At the conclusion of the hearing, the court stated the following:

I've heard the proof. This is a story that we hear all the time . . . . [The defendant] has these stories. I don't know the number of times people in this situation have come to me and they've just gotten a job or they're just starting a job next week or they're just finishing this or finishing that. I don't think he has any intention to pay the child support. He just has the intent of getting out of the jam he's in right now. He's in willful contempt of Court or there is a willful failure to pay and he has violated his probation. He'll be violated in full.

On appeal, the defendant challenges the revocation of his probation. Specifically, he argues that the record shows he did not have the means to pay the $500 per month in child support. Additionally, he argues that he was making a "bona fide" effort to gain better employment in order to pay the child support. As such, the court erred in revoking his probation.

We begin our review by noting that the decision to revoke probation lies in the sound discretion of the trial court. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310, 311(e); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *Harkins*, 811 S.W.2d at 82. If the trial court has exercised "conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. *Leach*, 914 S.W.2d at 107. Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a

violation has occurred. *Harkins*, 811 S.W.2d at 82; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In the instant case, the record clearly reflects that the defendant violated a condition of his probation by failing to make his agreed upon child support payments. Further, nothing in the record indicates the defendant ever attempted to modify the conditions of his probation. Accordingly, the circuit court did not abuse its discretion in revoking the defendant's probation. The judgment of the circuit court is affirmed.

_____
J.C. McLIN, JUDGE