**STATE of Tennessee, Appellee,**

v.

**Sonny GREGORY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 31, 1997.

No Permission to Appeal Applied for to the Supreme Court.

Gerald Melton, Public Defender, Jeannie Kaess, Assistant Public Defender, Murfreesboro, for Appellant.

Charles W. Burson, Attorney General and Reporter, Jennifer L. Rawls, District Assistant Attorney General, Nashville, William Whitesell, District Attorney General, Paul A. Holcombe, III, Assistant District Attorney General, Murfreesboro, for Appellee.

## OPINION

RILEY, Judge.

This is an appeal from a judgment of the Criminal Court of Rutherford County revoking defendant's probation and ordering him to serve an eight-year sentence for the sale of cocaine. Defendant contends the trial court erred in (1) granting a continuance *sua sponte* to allow the state to obtain additional witnesses; (2) admitting a laboratory report and affidavit in violation of defendant's rights to confront and cross-examine witnesses; and (3) concluding that the evidence was sufficient to show a violation of the terms of probation by the use of cocaine. Finding no error, we affirm the judgment of the trial court.

## FACTS

After serving several months of an eight-year drug sentence, defendant was granted probation in November 1993 to extend for a period of eight (8) years. In June 1995 a probation violation warrant was issued alleging defendant tested positive for the use of cocaine. The revocation hearing began on July 3, 1995. The only witness called by the state was a probation officer who had minimal involvement in the drug testing. The state did not call the probation officer who actually ran the field tests on defendant's urine specimen. Furthermore, the state's effort to introduce through the probation officer the laboratory report showing positive cocaine results was successfully challenged by defendant based upon *State v. Wade,* 863 S.W.2d 406 (Tenn.1993). The trial judge then, *sua sponte,* ordered that the hearing be continued to allow the state to subpoena the proper witnesses.

At the next hearing on August 14, 1995, defendant's probation officer testified as to the drug screen she administered. The first test was positive for cocaine; therefore, in accordance with office policy she conducted a second test. It was also positive. This offi-

cer then sent the specimen to Smith Kline Beecham Clinical Laboratories, Inc. in Atlanta, Georgia, for further analysis. The laboratory report also showed the presence of cocaine. This report was admitted along with the affidavit of the "Certifying Scientist" of Smith Kline. The affidavit certified the results as "reliable and accurate."

Another probation officer testified that he supervised the taking of defendant's urine specimen. He then accompanied defendant to his regular probation officer who conducted the field tests. He further stated that the laboratory tests were conducted in Atlanta, Georgia, and that the company would charge a document preparation fee of $250 and an expert fee of $500 in order to testify. He further noted the state would be responsible for all travel and accommodation charges associated with the hearing. No further proof was submitted by the state.

The defense proof consisted of testimony of the defendant and his mother. Both testified that the defendant had taken various forms of cold medication near the time he was tested. There was no scientific documentation or expert proof offered to show the effect, if any, that cold medications would have upon the drug test. The defendant denied using cocaine.

The trial judge noted that defendant's probation officer had administered two (2) field tests, both of which tested positive for cocaine. The court also noted that the laboratory report and affidavit of the certifying scientist properly matched the accounting numbers assigned to defendant's urine specimen and otherwise had appropriate indicia of reliability. The court found that the defendant violated the terms of his probation by using cocaine and revoked the suspended sentence.

### CONTINUANCE

Defendant contends the trial judge's *sua sponte* continuance of the first probation hearing subjected him to double jeopardy. We disagree.

The issue is not one of double jeopardy as there is no double jeopardy protection against probation revocation. *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The true issue is whether the trial court abused its discretion in *sua sponte* granting a "continuance." The trial court did not dismiss the warrant, nor did it declare a mistrial. The court merely continued the case to allow for further testimony. It is in the sound discretion of the trial court in deciding whether to grant a continuance, and the trial court's decision will not be disturbed absent a clear showing of abuse of discretion. *State v. Hurley,* 876 S.W.2d 57 (Tenn.1993). In this instance we find no abuse of discretion by the trial judge. This issue is without merit.

### AFFIDAVIT AND LABORATORY REPORT

The issue of the admissibility of the affidavit and laboratory report is controlled by *State v. Wade,* 863 S.W.2d 406 (Tenn.1993). *Wade* held that the state could not revoke probation based upon an unidentified laboratory report admitted into evidence without a finding of good cause as to the absence of the laboratory technician and proof of the reliability of the test report.

In considering the future impact of *Wade,* our court in *State v. Ricker,* 875 S.W.2d 687 (Tenn.Crim.App.1994) noted the possibility that cost might be an appropriate factor to consider in establishing good cause for not requiring a technician's personal appearance. Quoting from *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the court noted the following:

> An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses. Petitioner's greatest concern is with the difficulty and expense of procuring witnesses from perhaps thousands of miles away. While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* [*v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.

411 U.S. at 783 n. 5, 93 S.Ct. at 1760 n. 5; *Ricker,* at 688–89.

▉ The facts in the case at bar differ from those in *Wade.* In *Wade* there was no evidence of the following:

(1) the identity of the person who conducted the test;

(2) that person's qualifications;

(3) the method of testing;

(4) the scientific reliability of the testing method; or

(5) whether the test was conducted under established and reliable procedures.

*Wade* at 409.

Unlike *Wade* the affidavit before the Court in the instant case contains the following:

(1) the identity of the person who certified the drug test;

(2) a statement of this person's qualifications;

(3) a specific description of the method of testing;

(4) a statement that the method of testing was the most accurate test for this particular drug;

(5) a certification that the test results were reliable and accurate; and

(6) a declaration that all established procedures and protocols were followed.

In addition the instant affidavit listed the appropriate numbers identifying the defendant's specimen as containing cocaine and further indicated the report was prepared in the course of the laboratory's regular practice.

We also note that in *Wade* there was admitted into evidence a page from a scientific journal indicating that the medication taken by the defendant could produce a false positive for marijuana. *Wade* at 407. In the instant case there was no introduction of scientific evidence suggesting that defendant's cold medication could produce a false positive for cocaine.

More importantly, unlike *Wade,* there was testimony before the court indicating that the cost of requiring the attendance of the laboratory technician would indeed be substantial.

We, therefore, find that the state established good cause for not securing the presence of the out-of-state technician and further established the reliability of the laboratory report through the affidavit of the certifying scientist. This issue is without merit.

### SUFFICIENCY OF THE EVIDENCE

▉ Finally, the defendant asserts the trial court abused its discretion by finding the defendant violated the terms of probation by using cocaine. In determining whether to revoke probation, the trial judge need not find a violation of the terms of probation beyond a reasonable doubt. The evidence need only show that the judge has exercised conscientious judgment in making the decision rather than acting arbitrarily. *Stamps v. State,* 614 S.W.2d 71, 73 (Tenn.Crim.App. 1980). The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Mitchell,* 810 S.W.2d 733 (Tenn.Crim.App.1991). The judgment of the trial court will not be disturbed on appeal unless it appears that there has been an abuse of discretion so that the record contains no substantial evidence to support the conclusion of the trial judge. *State v. Leach,* 914 S.W.2d 104 (Tenn.Crim.App.1995).

The trial court had before it evidence of two (2) field tests positive for cocaine. Also, the laboratory analysis supported by the affidavit of the certifying scientist showed the presence of cocaine. This was ample evidence to support the trial court's revocation of probation. We find no abuse of discretion. This issue is without merit.

The judgment of the trial court is AFFIRMED.

JONES, P.J., and BARKER, J., concur.