IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 22, 2003

## STATE OF TENNESSEE v. JOHN PAUL HASSLER

**Appeal from the Criminal Court for Cumberland County**
**Nos. 5374, 5419A     Lillie Ann Sells, Judge**

---

**No. E2002-00247-CCA-R3-CD**
**February 13, 2003**

---

The defendant, John Paul Hassler, appeals from the Cumberland County Criminal Court's revoking his probation that was ordered for his sentences for selling cocaine. He contends that the trial court abused its discretion in revoking his probation and ordering him to serve the remainder of his sentences in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, John Paul Hassler.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William Edward Gibson, District Attorney General; and Gary McKenzie, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 19, 1999, the defendant pled guilty to two counts of selling less than .5 grams of cocaine, a Class C felony, and the trial court sentenced him to concurrent sentences of five years to be served as sixty days in jail and the remainder on probation. On December 13, 2001, the defendant's probation supervisor filed a probation violation warrant alleging that the defendant had violated the conditions of his probation by being arrested for several offenses, including possession of marijuana and unlawful possession of a weapon.

At the revocation hearing, Mark Leadbetter, the defendant's probation supervisor, testified that one of the conditions of the defendant's probation was to obey the law. He acknowledged that he had informed the defendant of the conditions of his probation and said he believed the defendant understood the conditions. On cross-examination, he acknowledged that the defendant had been on

probation for about two years and that the defendant had reported to him on a regular basis. He also acknowledged that the defendant had taken drug tests while on probation and that the tests were always negative. He said that the defendant was required to maintain employment and that the defendant had operated a used car lot or repair shop.

Lieutenant David Gibson of the Cumberland County Sheriff's Department testified that on December 12, 2001, he helped Special Agent Chip Lewis of the Tennessee Bureau of Investigation (TBI) execute a search warrant at the defendant's home at 55 Robbins Road in Crossville. He said that the defendant was not there but that the defendant's wife, Melissa Hassler, was present during the search. He said he stayed in the kitchen with Mrs. Hassler for a while and then went upstairs to the home's master bedroom. He said that a bed, a big screen television, a computer desk, a computer, and a night stand were in the bedroom. He said he went into the bedroom's walk-in closet and saw clothes lying on the floor. He said that he found plastic bags of marijuana under the clothes and that in his opinion, the marijuana weighed more than one-half ounce. He said Mrs. Hassler told him that her mother also lived in the home.

Special Agent Chip Lewis of the TBI testified that he executed a search warrant at 55 Robbins Road on December 12, 2001. He said that he and other agents searched the entire house, which consisted of a basement, a main level, and an upstairs. He said that in the upstairs master bedroom, agents found numerous rounds of .22 caliber ammunition in a night stand and about two ounces of marijuana in a closet. He said that agents also found several car titles in the bedroom and that the titles matched cars that were parked at the house. He said that on the house's main level, officers found a .22 caliber pistol and that in the basement, officers found a black leather satchel that contained a white residue, a razor blade, a straw, and a mirror. He said that a female agent searched the defendant's wife and found marijuana and a marijuana pipe on her person.

On cross-examination, Agent Lewis testified that when officers first arrived at the home, Mrs. Hassler's mother, Kelley Stewart, was on the main level of the house and Mrs. Hassler was trying to go downstairs into the basement. He said Ms. Stewart told him that she lived in the house. He said that during the search, he telephoned the defendant, who claimed to be in Homestead, Tennessee, and that the defendant came to the home two to three hours later. He said that he did a pat down of the defendant and did not find any drugs or drug paraphernalia. He said that a man named Ronnie Savage was with the defendant and that someone told him Mr. Savage also lived in the house. He said that he attempted to question Mr. Savage but that Mr. Savage invoked his constitutional rights. He said that agents arrested the defendant, Mrs. Hassler, and Mr. Savage and that during Mr. Savage's arrest, Mr. Savage told an agent that the marijuana and a weapon belonged to him. He said that although Mr. Savage did not state specifically that the .22 caliber pistol was his, the pistol was the only weapon agents found in the house.

Upon being questioned by the trial court, Agent Lewis testified that the defendant denied owning the gun or marijuana. He said that agents found the gun in a room on the main level of the home and that a sleeping bag and bed sheets also were in the room. He said that the defendant owned the house and that the defendant was charged with possession of marijuana for resale and

unlawful possession of a weapon. He said Mr. Savage also was charged with possession of marijuana but was not charged with unlawful possession of a weapon because Mr. Savage was not a convicted felon.

Melissa Hassler testified that on December 12, 2001, she and the defendant were living at 55 Robbins Road with their infant daughter, her mother, Ronnie Savage, and Mr. Savage's girlfriend. She said the house had one bedroom in the basement, one bedroom on the main level, and a master bedroom and a spare bedroom upstairs. She said that the defendant always slept on the couch in the living room and that she usually slept on the couch with him. She said that her mother slept in the basement bedroom, that Ronnie Savage and his girlfriend slept in the bedroom on the main floor, and that no one slept in the upstairs master bedroom. She said the marijuana that the police found in the house did not belong to her or the defendant. When the state asked her who owned the marijuana, she said, "I believe it was Ronnie's." The state introduced into evidence photographs of the master bedroom, the master bedroom closet, and the marijuana and ammunition that the police found.

On cross-examination, Mrs. Hassler said that a bed, dresser, night stand, and big screen television were in the master bedroom. She said the big screen television had been in her and the defendant's bedroom when they lived in Tansi, Tennessee. She said that although she and the defendant did not sleep in the master bedroom, they went into the bedroom because their bathroom and clothes were "up there." She said that the defendant and Mr. Savage were friends, that Mr. Savage had been living in the house for three to four months, and that he moved in with them because he did not have anywhere else to go. She said that she did not know what Mr. Savage did for a living and that he did not work while he lived with them. She said that when the police came to the home, she was in the basement. She said that some marijuana and a marijuana pipe were on the floor and that she picked them up and put them in her pocket because "she didn't want anybody else to get in trouble for it." She acknowledged that she loved the defendant very much, that she did not want him to get in trouble, and that she would do just about anything for him. She said she was testifying truthfully.

Mrs. Hassler testified that the defendant's father owned the house. She said that the defendant's father did not force them to pay monthly rent but that she and the defendant paid him whenever they had some money. She said that no one slept in the master bedroom because the room was open to the living room below and noisy. She said that her mother lived in the basement and that the marijuana pipe belonged to her mother.

The trial judge stated that Mrs. Hassler was not a credible witness and that she did not believe her testimony about the defendant sleeping on the living room couch. The trial court ruled that the defendant and Mrs. Hassler were using the master bedroom where agents found the marijuana. In support of its ruling, the trial court noted that the Hasslers' big screen television and clothes were in the bedroom. The trial court also noted that although Mr. Savage was present at the revocation hearing and sequestered, he did not testify. The trial court held that the defendant constructively possessed the marijuana that agents found in the master bedroom closet. As for the .22 caliber pistol

that agents found on the house's main floor, the trial court stated that it was a "close call." However, it noted that agents found .22 caliber ammunition in the night stand in the master bedroom and held by a preponderance of the evidence that the defendant also possessed the pistol. It revoked the defendant's probation and ordered him to serve the remainder of his sentences in confinement.

The defendant contends that the trial court abused its discretion by revoking his probation because no substantial evidence existed to support the trial court's conclusions that he possessed the marijuana and pistol. He contends that he lived in the home with four other adults and did not have any greater possessory interest in the house or its contents than any of the other individuals who lived there. He argues that the state presented no evidence such as money or assets to show that he was selling marijuana or even knew that marijuana was in the home. As for the .22 caliber pistol, he acknowledges that ammunition found in the master bedroom "was for this weapon" but claims that Mr. Savage owned the gun. The state argues that the trial court properly revoked the defendant's probation. We agree with the state.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311(e). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In this case, Lieutenant Gibson testified that he found marijuana underneath some clothes in the master bedroom's walk-in closet. Melissa Hassler testified that the defendant's father owned the home and that she and the defendant paid him for letting them live there. She also testified that although she and the defendant did not sleep in the master bedroom, their clothes were in the room. Although she claimed that the marijuana found in the room's walk-in closet belonged to Ronnie Savage, she said that Mr. Savage slept in a bedroom on the main level of the house. The trial court did not believe Mrs. Hassler's testimony regarding her and the defendant not sleeping in the master bedroom. We note that photographs of the master bedroom show clothes and shoes lying on the floor, cups and soft drink cans on the night stand and computer table, the bed made up with sheets and a bedspread, and pictures of a baby stuck into the frame of the dresser mirror. In addition, the photographs show a big screen television, a videocassette recorder (VCR), and a small stereo in the corner of the room and more clothes and shoes lying on the closet floor. We conclude that the evidence supports the trial court's findings that the defendant and his wife were using the master bedroom and, therefore, that the defendant constructively possessed the marijuana found in the room's walk-in closet. That determination alone reflects substantial evidence to support the trial court's revoking the defendant's probation and ordering him to serve the remainder of his sentences in confinement.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.


_____
JOSEPH M. TIPTON, JUDGE