IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2004

## STATE OF TENNESSEE v. FREDDIE ALTON MOSS

**Appeal from the Circuit Court for Maury County**
**No. 11848     Robert L. Jones, Judge**

---

### No. M2004-00167-CCA-R3-CD - Filed February 4, 2005

---

The defendant, Freddie Alton Moss, appeals the trial court's revocation of probation. The single issue presented for review is whether the trial court abused its discretion by revoking the probation based upon charges for driving under the influence and violation of the implied consent law. The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Michelle W. Vanderee, Assistant Public Defender, for the appellant, Freddie Alton Moss.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and William Doak Patton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 6, 2002, the defendant was sentenced to three years following his conviction of reckless aggravated assault. The trial court ordered ninety days in jail. After the defendant completed the period of incarceration, he was released on intensive probation with electronic monitoring for a period of three months. On March 25, 2003, a probation violation warrant was issued against the defendant alleging that he had failed to report to his probation officer, that he had not paid court costs, that he had been arrested for driving on a revoked license, that he had failed to submit a DNA sample as required by state law, and that he had failed to pay probation fees. At the hearing, the trial court ordered an additional ten days in jail but otherwise allowed the probation to continue.

A second probation violation warrant was issued on August 28, 2003, wherein it was alleged that the defendant had not reported since being ordered to serve his 10 days in June and had left a

vulgar telephone message for his probation officer. The warrant included an assertion that the defendant had failed to report an arrest three weeks earlier for driving under the influence and a violation of the implied consent law.

At the revocation hearing, Jean Layne, a probation officer, testified that the defendant had performed well for the first three months of his probation while he was monitored electronically. She stated, however, that after the monitoring device was removed, the defendant did not conform to his probation requirements. According to Ms. Layne, the second revocation warrant was issued after the defendant did not report to her office as required, left a rude message, and then failed to report a subsequent arrest as required by the conditions of his probation. She also testified that the defendant still had not submitted a DNA sample as required by law.

Jeremy Haywood, a police officer with the Columbia police department testified that on August 2, 2003, he stopped the defendant for speeding, estimating his speed at 55 mph in a 45 mph zone. Radar indicated that the defendant was driving 58 mph. Officer Haywood testified that as he approached the vehicle, he could smell a strong odor of alcohol and actually saw alcohol on the side of the vehicle, suggesting that the defendant had recently disposed of it. The officer observed that the defendant had bloodshot eyes and slurred speech. He described the defendant as unsteady on his feet, bumping into the vehicle as he walked. According to the officer, the defendant became agitated when asked to perform field sobriety tests, including the horizontal gaze nystagmus and the nine-step walk and turn. Officer Haywood testified that the defendant was unbalanced, refused to go forward with the walk, and became more agitated after he was unable to perform the one-leg stand. On cross-examination, the officer acknowledged that the defendant might have claimed that he needed to urinate. He also explained, however, that the defendant's need to relieve himself would not, in his opinion, affect his performance on the tests. The arrest was captured on videotape.

After the testimony of the witnesses, the trial court reviewed the circumstances of the offense for which the defendant was originally sentenced, recalling that the offense occurred while the defendant was intoxicated. After observing that the prior probation revocation was intended to assure that the defendant would be on the "straight and narrow" and that the defendant still had not complied with the DNA order, the trial court concluded that the defendant was not amenable to probation, revoked probation, and ordered service of the entirety of his sentence.

In this appeal, the defendant asserts that the evidence offered at the hearing was not sufficient to support the charges because there is a question as to whether there was a proper basis for the initial stop. Further, the defendant argues that the other violations were merely technical and inadequate to warrant revocation.

Our general law provides that a trial court may revoke a sentence of probation upon finding that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). A trial judge's decision to revoke a defendant's probation should not be disturbed unless there is an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order to prevail under the abuse of discretion standard, the defendant must establish that the record contains "no substantial

evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id.

The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e). When a defendant has violated the terms of probation, a trial court may order incarceration for the entire balance of the sentence. Tenn. Code Ann. §§ 40-35-310, -311(e). The trial court's determination that the defendant serve a sentence of incarceration will not be overturned absent an abuse of discretion. See Harkins, 811 S.W.2d at 82.

In our view, the defendant has failed to establish that the trial court did not exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The record supports the trial court's conclusion that the defendant did not adhere to the requirements of his probation. He was required to obey the law, report to his probation officer, report all arrests immediately to his probation officer, not use intoxicants to excess, and submit his DNA as required. The testimony of Ms. Layne established that the defendant had failed to report to her, had failed to report his arrest, and had not submitted his DNA sample. Those grounds would have been enough to warrant revocation. Further, the defendant failed to object or challenge on appeal the admissibility of the evidence suggesting that he had also violated the terms of his probation by driving under the influence of alcohol. Under these circumstances, it is our view that the trial court did not abuse its discretion.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-