# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 11, 2005 Session

## STATE OF TENNESSEE v. JEREMY P. SMITH

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR5141A     Robert E. Burch, Judge**

---

**No. M2004-02740-CCA-R3-CD Filed September 2, 2005**

---

The appellant, Jeremy P. Smith, pled guilty in the Dickson County Circuit Court to arson and received a sentence of five years. The trial court granted the appellant community corrections. Subsequently, the trial court revoked the appellant's community corrections and ordered the appellant to serve one year in confinement before again being released into community corrections. On appeal, the appellant contests the revocation. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Jeremy P. Smith.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Kim Menke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 9, 2000, the appellant pled guilty to the charge of arson. The judgment of conviction provided that the appellant was sentenced to five years, with ninety days to be served in the county jail and the remainder of the sentence to be served on community corrections. A "community corrections order" was filed on November 13, 2000, also reflecting that the appellant was to be placed on community corrections following his term of confinement.

On March 15, 2002, a warrant was issued, alleging that the appellant had violated the conditions of his community corrections sentence by:

Violation of Rule #1 which states that a client is to be under house arrest [and a]

Violation of Rule #3 which states that the client is to report to the field office as directed by the Case Officer.

On October 4, 2002, the trial court entered an order revoking the appellant's community corrections sentence. The order provided that the appellant was to serve one year in the county jail, then he would "continue serving his sentence on Community Corrections at Level 1 Supervision."

Thereafter, on April 17, 2003, the Tennessee Board of Probation and Parole issued a "Parole Certificate," releasing the appellant into the community under the supervision of a parole officer, Francine Wolfe. At the appellant's community corrections revocation hearing on September 24, 2004, the appellant's community corrections officer, Robert Spurgeon, testified that after the appellant's release from confinement, Spurgeon discovered that the appellant had been incorrectly released on parole instead of community corrections. The error was caused by an incorrect computer entry made by someone at the Dickson County Sheriff's Department. Upon learning of the error, Spurgeon contacted Wolfe to notify her of the error. Wolfe, already aware of the error, told Spurgeon that she had informed the appellant to "report back to the Judge and finish serving out that year's time." The appellant did not report to the court or to the jail.

Spurgeon testified that after the appellant's release from confinement, he contacted the appellant and informed him that he should be reporting to Spurgeon, not to a parole officer. On March 25, 2004, Spurgeon and the appellant were in court,[1] and the court instructed the appellant that he should report to Spurgeon until June 4, 2004, when another hearing would be held to clear up the confusion surrounding the appellant's sentence.[2] On April 22, 2004, another community corrections violation warrant was issued, alleging that the appellant violated his sentence by violating rule 1 "which states that a client is to be under house arrest" and rule 3 "which states that the client is to report to the field office as directed by the Case Officer." Specifically, the warrant states that the appellant "was instructed by Judge George Sexton on March 25 to report to [Spurgeon] until his court date in June 2004 and he has not reported to [Spurgeon] since March 29, 2004. He has changed residences and not reported it to [Spurgeon]."

At the conclusion of the revocation hearing, the trial court stated:

In previously finding this [appellant] in violation of his Community Corrections, the Order of the Court states that he is in violation and sentenced to Community Correction, sentenced to serve four months in the county jail, then be returned and continue serving

_____

[1] The record does not reflect the nature of the March 25, 2004, proceedings.

[2] The appellant did not appear at the hearing on June 4, 2004.

his sentence on Community Corrections with Level One supervision. The Board of Pardons and Paroles has no authority to countermand this Court's Order; therefore, he was on Community Corrections no matter what the Board of Pardons and Paroles may say. He was on Community Corrections; he did not report, did not comply with the rules of Community Corrections. The Court finds he is in violation of the terms and conditions of his Community Corrections sentence, and he is ordered to serve one year in the county jail and be placed back out on Community Corrections at Level One supervision.

On appeal, the appellant "concedes that the Board of Paroles had no authority to issue the Certificate of Parole and to begin to supervise the [appellant]." However, the appellant argues that

it was not [his] fault . . . that he was wrongfully released from jail and began being supervised by a parole officer. The community corrections violation warrant alleges that the Trial court instructed the [appellant] to begin reporting back to community corrections. The record contains no order reflecting the Judge's instructions.

Therefore, the [appellant] cannot be in violation of his community corrections, which is an order of the Court. The [appellant], if anything, is in contempt of Court for not following the Trial Court's instructions, there being no order.

## II. Analysis

Generally, community corrections sentences are governed by the Tennessee Community Corrections Act of 1985. See Tenn. Code Ann. § 40-36-101 (2003). The Act provides:

The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(a)(3)(B)(4) (2003). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion

of the trial court that a violation of community corrections has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Upon revoking an offender's community corrections sentence, one option available to a trial court is to order a sentence of split confinement. See Tenn. Code Ann. §§ 40-36-106(f) and 40-35-306(a) (2003). Specifically, the trial court may order the offender to serve up to one year in confinement, followed by the remainder served as an alternative sentence. See Tenn. Code Ann. § 40-35-306(a); see also State v. Patrick Lamont Barker, No. M2004-02000-CCA-R3-CD, 2005 WL 1330841, at *4 (Tenn. Crim. App. at Nashville, June 6, 2005).

The appellant's sole complaint on appeal is that he cannot be in violation of community corrections because the trial court did not enter an order reflecting his instruction to the appellant on March 25, 2004, that the appellant was to "begin reporting back to community corrections." However, our review of the record reflects that prior to the appellant's release on parole, there was an outstanding order entered by the trial court in which the court revoked the appellant's community corrections sentence. As a result of the revocation, the trial court ordered the appellant to serve one year in confinement, then the appellant was to be returned to community corrections. As we have noted, instead of being properly returned to the community corrections program upon his release from confinement, the Board of Probation and Parole released the appellant on parole. Notwithstanding the error of the Board of Probation and Parole in issuing the appellant a "Parole Certificate," we note that there is no statutory or case law which authorizes the Parole Board to supersede a judgment of the trial court. In other words, although the Board of Paroles has authority over its own release program, the Board does not have the power to supersede, overrule, or violate a judgment regarding sentencing issued by the trial court. See State v. Freddie Joe Lemmons, No. 804, 1988 WL 55691, at *3 (Tenn. Crim. App. at Knoxville, June 2, 1988). Accordingly, by the orders of the trial court which were entered on November 13, 2000, and October 4, 2002, the appellant was still in the community corrections program on April 17, 2003, at the time of his erroneous release from confinement by the Board of Probation and Parole. Therefore, the trial court was within its discretion in finding that the appellant violated his community corrections sentence by failing to report to his community corrections officer and in changing his address without notifying the proper authorities as was alleged in the April 22, 2004, community corrections violation warrant.

### III.  Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-