IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2007

## STATE OF TENNESSEE v. MICHAEL RAY BATES

**Direct Appeal from the Circuit Court for Madison County**
**No. 05-206    Donald H. Allen, Judge**

—————

**No. W2006-02492-CCA-R3-CD  -  Filed August 17, 2007**

—————

The appellant, Michael Ray Bates, was convicted in the Madison County Circuit Court of four counts of selling one-half gram or more of cocaine and received an effective ten-year sentence to be served in a community corrections program.  Subsequently, the trial court revoked the appellant's community corrections sentence and ordered him to serve his ten-year sentence in confinement.  On appeal, the appellant challenges the revocation of his community corrections sentence and the imposition of confinement.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Michael Ray Bates.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that the Madison County Grand Jury indicted the appellant for eight counts of selling one-half gram or more of cocaine, a Class B felony.  On December 5, 2005, the appellant pled guilty to all eight counts, and the trial court merged four of the counts into the remaining four.  The trial court sentenced the appellant to concurrent sentences of ten years for each conviction and ordered that he serve the sentences on community corrections.  According to one of the judgment forms, the trial court also ordered that the appellant complete a minimum of eight hours of community service work each month, obtain an alcohol and drug assessment, pay two hundred

twenty dollars to the Jackson-Madison County Narcotics Unit within ninety days of the pleas, submit to random monthly drug screens, maintain full-time employment, not be on probation or parole, and pay one hundred dollars per month toward court costs and fines. In October 2006, the appellant's program supervisor alleged that the appellant had violated the conditions of his community corrections sentence by (1) failing to obtain an alcohol and drug assessment, (2) completing only nineteen hours of community service work; (3) failing to obtain full-time employment; (4) failing to pay monthly court costs and fines; and (5) being arrested on October 11, 2006, and charged with attempted murder. The trial court issued a violation warrant on October 12, 2006.

At the appellant's revocation hearing, Cindy Cooper from Madison County Community Corrections testified that the appellant was placed in the community corrections program on December 5, 2005, and that she became his second supervisor in April 2006. She said that the rules for community corrections were explained to the appellant and that he signed a document stating he understood the rules. Cooper stated that the trial court had ordered the appellant to obtain an alcohol and drug assessment but that he never did. The appellant told Cooper that he had spoken with a woman about obtaining an assessment but that the woman was "booked up and kind of busy." The appellant also had completed only nineteen hours of community service work since December 2005 and had failed to provide Cooper with verification of employment since February 2, 2006. Cooper stated that the appellant used to be employed by Lane College but that she did not know if he was currently employed. Finally, Cooper stated that the appellant had made payments toward his court costs in an old case but that he "still owes the full balance on this one." She said the appellant made one-hundred-dollar payments towards his court costs in February 2006, March 2006, and September 2006 but had paid nothing else.

On cross-examination, Cooper testified that although the appellant had made some payments toward his court costs, the court clerk applied those payments toward one of his old cases. She stated that she advised the appellant to complete eight hours of community service work each month and that she gave him a schedule of available work on August 17, 2006. She acknowledged that the appellant was serving a ten-year sentence and that he could resume working on completing his community service hours. She stated that the appellant had not discussed his employment with her since February 10, 2006, and that he never told her he was doing mechanic work. She said that the appellant told her he was going to apply for disability payments due to his having a pacemaker and that she asked him for verification of his application. However, he never gave it to her. Regarding the appellant's alcohol and drug assessment, Cooper said that she gave him the telephone numbers for Maggie Bible at Pathways and for Jamie Hurst in Henderson and that the appellant said he tried to call them. She stated that the appellant had always reported to her twice per month, that he had passed two drug screens, and that he had paid fifteen dollars each month toward his supervision fees. Cooper learned about the appellant's arrest for attempted murder from his mother and said the charge against him was later dismissed.

The appellant testified that he was released from jail on December 6, 2005, and began working for Lane College about one week later. In February 2006, Lane College ran a criminal background check on the appellant, discovered that he had prior felony convictions, and fired him.

The appellant tried to obtain employment at Sonic and Fence Master but could not get a job. The appellant then began working for a friend by "doing a little work around his mechanical shop." He stated that the friend paid him in cash, that he earned about two hundred dollars per week, and that he worked there for one or two months. The appellant told his first community corrections supervisor about his job at the shop but did not tell Cindy Cooper.

The twenty-two-year-old appellant testified that he received a pacemaker in 2001 and was trying to collect disability payments. He stated that Cooper gave him only Maggie Bible's telephone number, that he tried to contact Bible and left four or five messages for her, but that he was never able to speak with her. He stated that he was not guilty of the recent attempted murder charge and that he could catch up on his court cost payments. He said that he had always reported to Cooper as scheduled, that he had never failed a drug test, and that he had completed nineteen hours of community service. Cooper gave the appellant a list of community service work, but he showed up late and was not allowed to work. He said he had not done any community service work in the last few months because "[t]hey got this little board at the front where they have . . . work on it and they ain't had no work up there." He stated that he had two young children with his girlfriend and that he wanted to remain in the community corrections program.

On cross-examination, the appellant testified that he and his girlfriend lived in a rented house and that she paid all the bills because he was unemployed. When the appellant lost his job, he stopped making his court cost payments and failed to pay anything toward his court costs from April to August 2006. In September 2006, the appellant's father gave him one hundred dollars for his court costs and fines. The appellant acknowledged that because he was unemployed, he had no excuse for not doing his community service work. He stated that he had not yet applied for disability payments because he had no health insurance and no doctor would examine him. He said that he swept floors and straightened up tools in his friend's shop and that he could not do "hard" work. While he worked for Lane College, the appellant did yard work and picked up paper.

Michael Bates, Sr., the appellant's father, testified that the appellant worked with him at Lane College part-time. Bates spoke with barber shop owner Willie Flakes, and Flakes said he would hire the appellant part time to clean around the barber shop. The defense introduced into evidence a letter from Flakes offering the appellant employment. On cross-examination, Bates testified that the appellant had not worked full time since December 2005. He stated that he took the appellant to several places to get a job but that no one would hire him.

Shatara Williams, the appellant's girlfriend, testified that she and the appellant had two children together. She said that she was present when the appellant telephoned Maggie Bible and that she heard the appellant leave messages for her. On cross-examination, Williams acknowledged that the appellant worked in the mechanic's shop for several months.

The trial court ruled that the appellant had violated the terms of his community corrections sentence. Specifically, the trial court found that the appellant had violated the sentence "in a substantial way" by (1) failing to obtain an alcohol and drug assessment; (2) failing to complete eight

hours of community service each month; (3) failing to secure full-time employment; and (4) wilfully failing to pay monthly court costs and fines. The trial court noted that the appellant also had failed to remain arrest-free but concluded that violation was not substantial because the charge against him was dismissed. The trial court stated that the appellant had not taken community corrections very seriously and that he had "basically just showed up twice a month and that's about it." The trial court ordered that the appellant serve his ten-year sentences in confinement with credit for time served in the program and in jail.

## II. Analysis

The appellant contends that the trial court erred by revoking his community corrections sentence and ordering him to serve his sentences in confinement because he never missed a meeting with his community corrections supervisor, never tested positive for drugs, completed almost twenty percent of his community service work, and had the attempted murder charge dismissed. The State contends that the appellant clearly violated the terms of his community corrections sentence and, therefore, that the trial court properly ordered him to serve his sentences in confinement. We agree with the State.

Generally, community corrections sentences are governed by the Tennessee Community Corrections Act of 1985. See Tenn. Code Ann. § 40-36-101. The Act provides as follows:

> The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

As the trial court noted, the appellant violated the conditions of his community corrections sentence by failing to obtain an alcohol and drug assessment, failing to maintain full-time employment, failing to complete eight hours of community service each month, and failing to pay toward his court costs and fines each month. The appellant does not contest these violations but instead argues that he should remain in the community corrections program because he met with his

supervisor as scheduled, did not test positive for drugs, and completed a portion of his community service work.  However, in light of the violations, it was within the trial court's discretion to revoke his community corrections sentence and order that he serve his effective sentence in confinement.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE