# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



FILED

August 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9712-CC-00462 |
| Appellee, | ) | |
| | ) | OBION COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM B. ACREE, JR., |
| STEPHANIE ANN MAYS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Community Corrections |
| | ) | Revocation) |

FOR THE APPELLANT:

**JOSEPH P. ATNIP**
District Public Defender
111 Main Street
P.O. Box 734
Dresden, TN 38225

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**THOMAS A. THOMAS**
District Attorney General
414 South Fourth St.
P.O. Box 218
Union City, TN 38261-0218

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Stephanie Ann Mays, appeals the trial court's revocation of her Community Corrections sentence. The defendant contends the trial court abused its discretion in finding her in violation of the terms of the Community Corrections sentence. The judgment of the trial court is AFFIRMED.

**I.**

The defendant pled guilty in October 1996 to two (2) counts of the sale of over 0.5 grams of cocaine. She was sentenced to Community Corrections for concurrent terms of eight (8) years with 30 days to be served in the Obion County jail.

After her release from jail, Lane Thorton with the Westate Corrections Network was assigned as the defendant's case officer. Thorton testified at the revocation hearing that the defendant committed numerous violations of the terms of her Community Corrections sentence, including: failure to be at her approved residence on several occasions, failure to secure employment, failure to make any payment on her court costs and fine, failure to properly perform community service and the use of marijuana.

The defendant testified at the revocation hearing that she was forced to move from her approved residence because of her status as a convicted felon. She claimed medical problems and care of her children caused most of the violations. The defendant admitted to the use of marijuana.

The trial court found the defendant violated the terms of her Community Corrections and reimposed the original sentences, but only required that she

2

serve one (1) year in the Obion County jail and the remainder on supervised probation.

## II.

Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The trial court found the defendant repeatedly violated the terms of her Community Corrections sentence. The evidence certainly supports these findings. Further, the defendant admitted to her case officer she smoked marijuana in violation of the terms of her Community Corrections sentence. We find the trial court did not abuse its discretion; therefore, we AFFIRM its judgment.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**



_____
**DAVID H. WELLES, JUDGE**