# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 8, 2011

## STATE OF TENNESSEE v. MARKQUITTON SANDERS

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 40000252 and 40400902    John H. Gasaway, III, Judge**

---

**No. M2010-02212-CCA-R3-CD - Filed September 29, 2011**

---

The appellant, Markquitton Sanders, pled guilty to two felony drug offenses and was allowed to serve his sentences in community corrections. Thereafter, the trial court found him guilty of violating his community corrections sentences and ordered him to serve the remainder of his sentences in confinement. On appeal, the appellant challenges the trial court's imposition of a term of incarceration. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Gregory D. Smith (on appeal) and Edward Dewerff (at trial), Clarksville, Tennessee, for the appellant, Markquitton Sanders.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and John Finklea, Assistant District Attorney General, for the appellee.

## OPINION

### I. Factual Background

On May 24, 2001, the appellant pled guilty in case number 40000252 to possession of less than .5 grams of cocaine with intent to deliver. For his conviction, he received a five-year sentence; he was to serve six months of the sentence in confinement and the remainder on community corrections. On April 5, 2005, the appellant pled guilty in case number 40400902 to possession of .5 grams or more of cocaine with the intent to deliver and

received an eight-year community corrections sentence to be served consecutively to the five-year sentence in case number 40000252.

On March 20, 2006, a community corrections violation warrant was filed against the appellant, alleging that he was arrested on December 2, 2005, for the sale and delivery of less than .5 grams of cocaine. The record reflects that a community corrections revocation hearing was held on March 26, 2007, and that the trial court found the appellant had violated the terms of his community corrections sentences. However, the trial court deferred resentencing and granted the appellant permission to enter a rehabilitation program. On February 5, 2008, the appellant was released on bond to deal with "outstanding matters" in Kentucky.

Subsequently, on July 1, 2010, the trial court held a hearing to determine the appropriate sentences for the appellant's violations. The hearing also concerned the sentencing on the appellant's plea of guilt to selling less than .5 grams of cocaine in case number 40501117.[1]

At the hearing, the appellant told the court:

> I just want to say I am sorry for my past history. I have been trying to change – I had a problem with selling drugs, that was my only problem. I hadn't been doing it – in five years, I been working and trying to take care of my kids. I know it has been a long time and I am sorry for wasting the Court's time, but I just – tired of being locked up. It helped me, I stayed locked up twenty-three months. Since I been out it just – well, I am trying to change, sir. I just ask that the Court have mercy on me and give me a chance. . . . I am just trying to do what is right. Thank you, sir.

At the conclusion of the hearing, the trial court sentenced the appellant to six years for his conviction in case number 40501117 and ordered that the sentence be served on probation and consecutively to the sentence in case number 40400902. Finally, the court ordered the appellant to "satisfy the balance of the unserved portion of the five-year sentence [in case number 40400902] as well as the unserved portion of the eight year sentence [in case number 40000252] in confinement at the Department of Correction."

On appeal, the appellant argues that the trial court's revocation of his community

---

[1] The appellant does not contest the sentence imposed in case number 40501117.

corrections sentences and the order that he serve his sentences in confinement was "excessive."

## II. Analysis

Generally, community corrections sentences are governed by the Tennessee Community Corrections Act of 1985. See Tenn. Code Ann. § 40-36-101. The Act provides as follows:

> The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In the instant case, the appellant concedes that there was a sufficient basis for the trial court to find that he violated his community corrections sentences. Regardless, he asks this court to reverse the trial court's imposition of confinement and grant him probation. However, "an accused, already on [alternative sentencing], is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). There is nothing in the record to indicate that the trial court abused its discretion in revoking the appellant's community corrections sentences or in ordering the appellant to serve the sentences in confinement. This issue is without merit.

## III. Conclusion

-3-

In sum, we conclude that the trial court did not err in sentencing the appellant. Therefore, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE