# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 6, 2012

## STATE OF TENNESSEE v. JOSHUA M. FAULK

**Appeal from the Circuit Court for Rutherford County**
**No. F-66410B      David Bragg, Judge**

---

**No. M2012-01075-CCA-R3-CD - Filed December 17, 2012**

---

The defendant, Joshua M. Faulk, appeals the revocation of his community corrections sentence and reinstatement of his original ten-year sentence for aggravated burglary, arguing that the trial court abused its discretion in finding that he violated the terms of his sentence based on new charges of theft and vandalism. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Rick G. Mansfield, Murfreesboro, Tennessee, for the appellant, Joshua M. Faulk.

Robert E. Cooper, Jr., Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Allyson S. Abbott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On September 9, 2011, the defendant pled guilty to aggravated burglary, a Class C felony, for which he was sentenced as a Range II, multiple offender to ten years, suspended to community corrections. The "special conditions" section of the judgment sheet reflects that the defendant was to serve six months[1] and includes the notation, "See community

---

[1]Although the judgment noted that the defendant was to serve six months, he apparently did not begin
(continued...)

corrections order." A "Conditions of Community Corrections Order" entered by the trial court the same day as the judgment reflects that one of the terms of the defendant's sentence was to "[m]aintain good and lawful behavior." The State of Tennessee Community Corrections Order entered by the trial court on September 22, 2011, provides, among the conditions of the defendant's sentence, "I will obey all local, state and federal laws and ordinances." On October 7, 2011, a community corrections violation warrant was issued based on the defendant's September 27, 2011 arrest for theft of property and vandalism.

At the defendant's March 2, 2012 revocation hearing, Jeffrey Tenaglia, the defendant's community corrections officer, testified that he filed a violation petition based on the defendant's September 27, 2011 arrest for theft of property and vandalism. The defendant reported the arrest to Tenaglia on September 29, 2011 and said that it was the result of his taking scrap metal from someone's yard for which he thought he had permission.

Steve Hampton, the owner of a 125-acre farm in Murfreesboro, testified that on September 27, 2011, he discovered that the chain on a gate on the back side of his property had been cut and a 1928 air compressor was missing. He said that all of his property that was accessible by road was fenced, that two "no trespassing" signs were posted on the gate, and that there were several other signs stating "no hunting" and "keep off." He described the air compressor as "a tractor without a steering wheel. It's got four wheels. It's made back in the old days to put on a job site. . . . Roughly it's 8 foot long, 4 foot wide. I think it weighs roughly two tons." In order to move the air compressor, it had to be hooked up to a vehicle and towed.

Hampton said his air compressor was subsequently recovered at Averitt's Salvage Yard, and Mr. Averitt provided documentation of his purchase of the equipment. That documentation included a photocopy of the defendant's state identification card bearing his photograph and a copy of a check dated September 26, 2011 made payable to the defendant in the amount of $212.65, with the notation "scrap." Hampton said that he did not give anyone permission to cut the chain on his gate or remove the air compressor from his property.

Ricky Mahaffey testified that he had been charged in the crimes with the defendant. He said the defendant told him he got the air compressor from his grandfather's land. He went with the defendant to the salvage yard but was not present when he got the air compressor.

---

[1](...continued)
serving his sentence until October 7, 2011.

Kathy Robinson, the defendant's mother, testified that the defendant had used drugs in his teenage years and that she had heard he presently was using drugs but had not seen him do so. She said that she believed a drug rehabilitation program would benefit the defendant and that she would support him. On cross-examination, Ms. Robinson acknowledged that she paid $300 to the salvage yard on October 11, 2011, "for returned scrap price and towing fee on air compressor." She said she did so because the defendant was in jail and "could not do it himself."

At the conclusion of the hearing, the trial court revoked the defendant's community corrections sentence and ordered that he serve his original ten-year sentence in the Department of Correction, with credit given for time served. This appeal followed.

## ANALYSIS

The defendant contends that the trial court abused its discretion by revoking his community corrections sentence because the court "reach[ed] its decision without considering the fairly raised mistake of fact defense" as to his new charges for theft of property and vandalism. The State responds that the testimony presented at the revocation hearing "was more than sufficient for the court to have found by a preponderance of the evidence that the defendant did not commit vandalism and theft under a mistake of fact and that he thereby violated the conditions of his probation." We agree with the State.

A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See Tenn. Code Ann. § 40-36-106(e)(3)-(4) (2006); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

We find no abuse of discretion in the trial court's revocation of the defendant's community corrections sentence. In reaching its decision, the trial court found that the testimony presented at the revocation hearing "provide[d] by more than a preponderance of the proof that [the defendant] exercised possession and control over the property of Mr. Hampton, that that property was removed from Mr. Hampton's property, that it was taken from Mr. Hampton's property directly to Averitt['s Salvage Yard] based on the testimony of Mr. Hampton which the [c]ourt finds completely credible." Implicit in the court's ruling was a rejection of the defendant's claim that his theft occurred under the mistaken belief that he had the property owner's permission to take the property. As the State correctly points out,

the evidence shows that the defendant provided two different explanations for his actions, telling his community corrections supervisor that he had knocked on the door of the property owner's house and received permission to remove scrap metal from the property and telling his co-defendant that he had obtained the air compressor from his grandfather. In addition, the property owner testified that his property was posted with numerous no trespassing signs, fenced, and closed off from the public with a locked gate, on which the chain had been cut. We, therefore, conclude that the trial court's revocation of the defendant's community corrections sentence was proper.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's community corrections sentence and ordering that he serve his original sentence in the Department of Correction.

_____
ALAN E. GLENN, JUDGE