IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville March 25, 2015

**STATE OF TENNESSEE v. DRENNARD T. RILEY**

**Direct Appeal from the Circuit Court for Rutherford County
Nos. F-69592A, M-71717     David Bragg, Judge**

——————————

**No. M2014-01360-CCA-R3-CD – Filed July 6, 2015**

——————————

The appellant, Drennard T. Riley, appeals the Rutherford County Circuit Court's revoking his community corrections sentences for aggravated burglary and robbery and ordering that he serve the balance of his effective ten-year sentence in confinement. Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Russell N. Perkins, Murfreesboro, Tennessee, for the Appellant, Drennard T. Riley.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On September 20, 2013, the appellant pled guilty as a Range I, standard offender to aggravated burglary and robbery, Class C felonies. Pursuant to the plea agreement, he received five-year sentences to be served consecutively in community corrections. On February 25, 2014, the appellant's case officer signed a document titled "VIOLATION OF COMMUNITY CORRECTIONS" in which he alleged that the appellant had violated

the terms of community corrections by being arrested for misdemeanor theft on February 24, 2014, and by not immediately reporting the arrest.

On June 26, 2014, the appellant pled guilty to the theft charge. Immediately thereafter, the trial court held a revocation hearing on the community corrections violations. During the hearing, the appellant testified that he had been in community corrections almost six months and that, other than his being charged with misdemeanor theft, he had complied with all of the program's rules. He explained that someone gave him a Play Station and that he was supposed to pay the person "at a later time." However, "things went awry," and the person "took a warrant out [on] me saying I stole his Play Station." The appellant said that he was not employed at the time because he "was previously injured" but that he was "doing side jobs as far as painting and stuff to make sure all my fines and court costs were paid off, which I had paid off all of them." He said that he was not guilty of stealing the Play Station, that he could follow the rules of community corrections, and that he was planning to go to school for "cutting hair."

The appellant testified that he would not violate community corrections again because "I can't be away from my family any longer." The appellant had four children, ranging in age from six to sixteen. He said that his children lived with him and his fiancé and that he was planning to get married as soon as he got out of jail. He asked that the trial court give him another chance and put him back in community corrections.

On cross-examination, the appellant acknowledged that his aggravated burglary and robbery convictions were "pretty serious" and that he and "three other people went in somebody's house and took a lot of things and scared an elderly woman half to death." He acknowledged that he had prior convictions for passing a worthless check under $500, unlawful possession of a weapon, simple possession of marijuana, theft, joyriding, false imprisonment, possession of drug paraphernalia, felony theft, and aggravated burglary. He said that he had been on probation two or three times and that he had never completed probation without a violation. Nevertheless, he said he could follow the rules of an alternative sentence in this case because he was "tired of being in jail."

The trial court noted that the appellant had admitted he violated community corrections. The trial court stated that it remembered this case and that the case involved "some pretty dramatic video" of interviews with the victims and a vehicle that "ended up in somebody's front yard where they all got arrested." The court said that it appreciated the appellant's candor but ruled that he should serve his effective ten-year sentence in confinement with credit for time already served in community corrections.

## II. Analysis

The appellant acknowledges that he violated community corrections by being charged with misdemeanor theft but contends that the trial court erred by ordering him to serve his effective ten-year sentence in confinement because he took responsibility for his actions by pleading guilty to the charge. The State argues that the trial court properly ordered that the appellant serve his effective sentence in confinement. We agree with the State.

Generally, community corrections sentences are governed by the Tennessee Community Corrections Act of 1985. See Tenn. Code Ann. § 40-36-101. The Act provides as follows:

> The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

Initially, we question whether the appellant was even eligible for community corrections with regard to his five-year sentence for robbery. Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). Persons convicted of felony offenses "involving crimes against the person as provided in title 39, chapter 13, parts 1-5" are generally ineligible for community corrections. Tenn. Code Ann. § 40-36-106(a)(1)(B); see State v. Charles Bradford Stewart, No. M2010-01948-CCA-CD, 2011 WL 4794942, at *3 (Tenn. Crim. App. at Nashville, Oct. 11, 2011). "Felony offenders not otherwise eligible for community corrections and normally considered unfit for probation because of chronic drug or alcohol abuse may still receive community-based

punishment if the trial court finds that their special needs are treatable and best served in the community." State v. Corey Montez Rickman, No. M2006-02166-CCA-R3-CD, 2008 WL 426478, at *2 (Tenn. Crim. App. at Nashville, Feb. 14, 2008) (citing Tenn. Code Ann. § 40-36-106(c)). Nothing in the record indicates that the appellant received a community corrections sentence based upon his having "special needs" that could best be served in the community rather than in confinement.

Regardless, "an accused, already on [alternative sentencing], is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 136, at *7 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). The appellant has repeatedly committed crimes, has repeatedly received alternative sentences, and has repeatedly violated those alternative sentences. Therefore, the trial court did not abuse its discretion by revoking the appellant's community corrections sentences and ordering that he serve his effective sentence in confinement.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA MCGEE OGLE, JUDGE