IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2009

## STATE OF TENNESSEE v. JUSTIN VAULX

**Direct Appeal from the Circuit Court for Madison County**
**No. 01-886     Donald H. Allen, Judge**

---

**No. W2008-00772-CCA-R3-CD  - Filed May 13, 2009**

---

The defendant, Justin Vaulx, appeals from the judgment of the Madison County Circuit Court removing him from community corrections and ordering him to serve his sentence in confinement. Following our review of the record, the parties' briefs, and the applicable law, we determine no error exists in the court's revocation of the defendant's community corrections sentence, and thus affirm the court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Alan E. Glenn and Camille R. McMullen, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Justin Vaulx.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The record reflects that the defendant pled guilty to one count of attempted aggravated burglary, a Class D felony, and one count of vandalism under $500, a Class A misdemeanor. For his convictions, the defendant received a sentence of four years at 30% for attempted aggravated burglary, and 11 months and 29 days at 75% for vandalism. The sentences were to be served concurrently. The defendant was ordered to serve his sentences on probation in a community corrections program. On October 4, 2002, a violation warrant was issued against the defendant, alleging that he had violated the terms and conditions of his community corrections sentence by using cocaine and marijuana, failing to comply with a recommended drug treatment program, and failing to report a traffic citation. After finding that the defendant was in violation, the trial court

revoked the defendant's sentence but returned him to community corrections with the added condition that the defendant attend a long-term drug and alcohol treatment program.

On May 23, 2003, a violation warrant was issued against the defendant, alleging that he had violated the terms of his community corrections sentence by using cocaine and alcohol, and by failing to enroll and attend out-patient treatment and AA/NA meetings. The defendant was arrested on October 16, 2006, and while released pending a hearing, another violation warrant was issued on November 6, 2006, alleging that the defendant had tested positive for cocaine on October 30, 2006. Following a hearing on December 18, 2006, the trial court found that the defendant had failed to remain drug-free and revoked the defendant's sentence. The court then reinstated the defendant's sentence and ordered that the defendant attend in-patient drug and alcohol treatment and be placed in a drug court program.

On January 28, 2008, the defendant's case officer filed a violation warrant, alleging that the defendant violated the terms of his sentence by failing to remain drug free when he tested positive for cocaine and marijuana. A hearing was held on March 17, 2008. At the hearing, Clint Murley, the defendant's case officer, testified that the defendant had been placed in the drug court program in December of 2006, after his third Community Corrections violation. Murley explained that as part of the drug court program, he placed a Pharmcheck drug patch on the defendant on December 17, 2007. Murley said the drug patch was removed on January 18, 2008, and sent to the laboratory for testing. Murley stated that he followed proper procedure when removing the patch and placed the patch in a sterile bag provided by the laboratory. Murley stated that an examination of the patch by the Clinical Reference Laboratory showed the defendant tested positive for cocaine and marijuana. Murley recalled that he talked to the defendant after receiving the lab results and the defendant denied using the drugs.

On cross-examination, Murley acknowledged that the defendant had completed a drug treatment program prior to being entered into drug court. Murley recalled that the defendant was tested for drugs twice a week while in the drug court program which started after August 1, 2007. Murley acknowledged that the defendant had never failed to report for a drug test or failed a urinalysis drug test up to the time the drug patch was tested. Murley acknowledged that the defendant had abided by all the other terms of his sentence. Murely recalled that the defendant had voiced concern that the edges of the drug patch were peeling a bit, however, Murley noted that it was nothing major and the patch was still applied to the defendant's skin.

The defendant testified that he had previously violated his community corrections probation by testing positive for cocaine and marijuana. He also recalled that the court had sent him twice to the Jack Gean Shelter, an in-patient drug treatment program. The defendant said he attended aftercare though Pathways, as well as AA and NA meetings. The defendant asserted that he had not used cocaine or marijuana since his release from the in-patient treatment. The defendant said he was "very surprised" by the results of his drug patch test and did not know why he tested positive for drugs.

The trial court found that the defendant had violated the terms and conditions of his community corrections sentence in that he failed to remain drug-free. The court accredited the

testimony of Murley, indicating that the defendant tested positive for cocaine and marijuana while on probation and specifically while wearing the drug patch. The court noted that the defendant's testimony was discredited by his prior violations of his community corrections sentence wherein he tested positive for cocaine and marijuana and admitted to using those substances. The court revoked the defendant's community corrections sentence and ordered him to serve the balance of his sentence in the Department of Correction with credit for the time spent in jail.

## ANALYSIS

On appeal, the defendant contends the trial court erred in revoking his community corrections sentence and ordering him to serve his sentence in the Department of Correction. Specifically, the defendant asserts that the drug patch technology is unreliable, and he had never failed a urinalysis test during his entire time in drug court. Therefore, the trial court should not have removed him from community corrections.

Like probation, the trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that the defendant has violated the conditions of the sentence. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Appellate review of a revoked sentence is subject to an abuse of discretion standard of review. *Id.* If the trial judge has exercised "conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citations omitted). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In the present case, the record supports the trial court's finding that the defendant violated a term of his community corrections sentence by using cocaine and marijuana. The defendant's case officer testified that the defendant tested positive for cocaine and marijuana on January 18, 2008, after receiving the results from the analysis of the drug patch placed on the defendant on December 17, 2007. The court specifically found the defendant's testimony not to be credible in light of the prior violations of his sentence for using cocaine and marijuana. The court noted: "I've sent him to drug treatment twice. I put him in drug court and each and every time, [the defendant] has continued to use illegal drugs, specifically cocaine and marijuana." Accordingly, we conclude that the trial court did not abuse its discretion in revoking the defendant's community corrections sentence and ordering confinement in the Department of Correction.

Based on the foregoing and the record as a whole, we affirm the order of the trial court.

J.C. McLIN, JUDGE