# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MARCH 1998 SESSION



**FILED**

**June 4, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | **NO. 02C01-9707-CC-00236** |
| Appellant, | ) ) | **MADISON COUNTY** |
| v. | ) ) | **HONORABLE WHIT LAFON,** |
| **ERIC DEFORREST WHORTON,** | ) ) | **JUDGE** |
| Appellee. | ) | (Revocation of Probation) |

**FOR THE APPELLANT:**

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

**JAMES G. WOODALL**
District Attorney General

**JAMES W. THOMPSON**
Assistant District Attorney General
P. O. Box 2825
Jackson, TN 38302-2825

**FOR THE APPELLEE:**

**CLIFFORD K. MCGOWN, JR.**
Attorney at Law
113 North Court Square
Waverly, TN 37185
(Appeal Only)

**STEPHEN P. SPACHER**
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301
(Trial Only)

**OF COUNSEL:**

**GEORGE MORTON GOOGE**
District Public Defender
227 Baltimore Street
Jackson, TN 38301

**OPINION FILED:**_____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

# O P I N I O N

The appellant, State of Tennessee (state), appeals as of right from a judgment of the trial court denying its petition to fully revoke the probation of the defendant, Eric Deforrest Whorton. In this Court, the state contends the trial court abused its discretion by "failing to revoke the defendant's probation." After a thorough review of the record, it is the opinion of this Court that the judgment of the trial court should be affirmed.

I.

On January 30, 1989, the defendant entered a plea of guilty to the offense of armed robbery. The trial court sentenced the defendant to ten (10) years pursuant to a plea agreement. On November 9, 1989, an agreed order was entered correcting the offense to simple robbery rather than armed robbery. On the same date the trial court suspended the defendant's sentence and placed him on intensive probation for the balance of his sentence.

On June 6, 1990, a probation violation report was filed. The record is unclear as to whether an arrest warrant was issued shortly thereafter. However, an arrest warrant was issued on August 9, 1996, alleging the defendant absconded on or about May 23, 1990. Another arrest warrant was subsequently issued, and defendant was taken into custody on January 7, 1997. The warrants essentially alleged that the defendant absconded from supervision in 1990, failed to pay appropriate fees and costs and did not report as ordered.

The trial court held an evidentiary hearing on March 19, 1997. The probation officer established that the defendant last reported on March 29, 1990. Subsequently, the defendant left Madison County and the State of Tennessee without permission. The defendant made no effort to contact or report to the probation officer after leaving the state.

2

Furthermore, the defendant did not pay the costs and fees which the probation order required.

The defendant testified during the hearing. He stated he lived with an elderly couple. The man accused him of "messing around with his wife." According to the defendant, he "was scared . . . to come back here and appear before [the trial judge] and going to jail on this, so I made a bad decision." The defendant left the State of Tennessee and went to Illinois. The defendant further stated he had been convicted in Illinois of two felony thefts, served time there, and was on Illinois probation on the date of the hearing.

II.

The ruling of the trial court is somewhat confusing since the trial judge stated he was "going to revoke his parole here, and I'm going to give him time served and let him go to Illinois" (emphasis added). Upon further questioning by the prosecutor, the trial court clarified that the defendant was being placed back on probation. Although not stated in these terms, the essence of the trial court's ruling was that: (1) the defendant violated the terms of his probation; (2) a partial revocation was ordered; (3) defendant was credited with time served from the date of his arrest on January 7, 1997, through the date of the hearing on March 19, 1997, with no other jail time required; and (4) defendant was placed back on regular probation for the balance of the sentence.

III.

The state contends the trial court abused its discretion and should have fully revoked probation. Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. <u>State v. Harkins</u>, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has

3

occurred.  Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily.  State v. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Almost all appeals to this Court from probation revocations have been by defendants.  This case is unique in that it involves an appeal by the state. Nevertheless, the standard of review by this Court is the same.  However, we note in this case that the issue is not whether there was sufficient evidence to warrant a revocation.  Clearly, there was sufficient evidence.  The trial court did, in fact, partially revoke probation.  Therefore, the real issue in this case is whether the trial court abused its discretion in failing to order a total revocation.

IV.

The essence of the state's argument is that the defendant received "absolutely no punishment for his robbery conviction."  Our review of the record indicates that the defendant was incarcerated from at least January 30, 1989, the date of his original sentence, until November 9, 1989, the date the suspension was granted.  In addition the defendant was incarcerated from January 7, 1997, when he was arrested on the probation violation warrant, through the date of the hearing on March 19, 1997.  The trial court apparently concluded that the partial revocation, which recognized the time served from the date of his arrest on the probation warrant until the date of the hearing, was a sufficient sanction under all the circumstances.  Although this Court may or may not have done the same thing, we are not at liberty to simply substitute our judgment for that of the trial court.  We have abuse of discretion review, not *de novo* review.  We do not find that the trial court abused its discretion in ordering the partial revocation instead of a full revocation.

4

The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**GARY R. WADE, PRESIDING JUDGE**

_____
**JERRY L. SMITH, JUDGE**