IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. RUDOLPH MILLER BROOKS, JR.

**Appeal from the Circuit Court for Blount County**
**No. C0020248     David Reed Duggan, Judge**

_____

**No. E2017-00637-CCA-R3-CD**

_____

The Appellant, Rudolph Miller Brooks, Jr., appeals from the Blount County Circuit Court's order revoking his community corrections sentence and ordering him to serve his sentence in confinement. The Appellant's counsel has filed a motion to withdraw pursuant to Rule 22 of the Rules of the Tennessee Court of Criminal Appeals. We conclude that counsel's motion is well-taken and, in accordance with Rule 22(F), affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT H. MONTGOMERY, JR., JJ., joined.

Edward L. Holt, Jr., Knoxville, Tennessee, for the appellant, Rudolph Miller Brooks, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

### I. Factual Background

On September 30, 2016, a community corrections warrant issued alleging that the Appellant violated the terms of his release by failing to contact his probation officer or otherwise report to supervision following his release from the hospital; failing to notify or obtain consent from his community corrections officer to relocate to Loudon County;

failing to obtain permission to leave Blount County; admitting to daily use of cocaine, opiates, and benzodiazepines; associating with individuals of "ill repute"; and failing to attend MRT group therapy.[1] On November 3, 2016, an addendum to the warrant was filed alleging that the Appellant had tested positive for Suboxone.

At the March 20, 2017 revocation hearing, Hilary Storie, an officer with ETHRA Community Corrections, testified that the Appellant reported to community corrections on August 22, 2016, but was transported to the hospital before completing the meeting with his officer. Ms. Storie next saw the Appellant on the lawn of the Blount County Justice Center on September 15, 2016, but she did not speak to him on that day. Ms. Storie notified Richard Stonis, the Appellant's community corrections officer, that she had seen the Appellant outside the Justice Center.

Richard Stonis testified that the Appellant had been released from incarceration the weekend before the August 22, 2016 report date. Mr. Stonis said that the Appellant reported a few minutes early and told Mr. Stonis that he "was having chest pains and difficulty breathing." The Appellant indicated that he "felt he needed medical attention." Mr. Stonis called an ambulance and waited with the Appellant until the ambulance arrived to transport the Appellant to the hospital. Mr. Stonis testified that when Ms. Storie informed him that she had seen the Appellant on the lawn of the Justice Center, he learned that the Appellant had been released from the hospital on September 14, 2016. When Mr. Stonis was unable to contact the Appellant via his cellular telephone number, Mr. Stonis obtained the Appellant's medical records in an attempt to locate more updated contact information. From his review of the medical records, Mr. Stonis learned that the Appellant had been referred by a hospital social worker to an assisted living center in Loudon County. Mr. Stonis's review of the medical records also revealed that the Appellant had acknowledged daily recreational drug use when admitted to the hospital on August 22, 2016. Mr. Stonis testified that he tried to provide the Appellant an opportunity to report, but when the Appellant missed two MRT group therapy sessions following his release from the hospital, Mr. Stonis filed the violation warrant. Upon his arrest on the initial violation warrant, the Appellant tested positive for Suboxone while in the Blount County Jail.

The Appellant testified that when he reported to community corrections on August 22, 2016, he feared that he was having a heart attack. Ultimately, the Appellant required emergency surgery to repair a perforated duodenal ulcer and was discharged from the

---

[1] The violation warrant indicates that on May 22, 2015, the Appellant was convicted of maintaining a dwelling that was used for keeping or selling controlled substances, three counts of sale or delivery of a schedule II controlled substance, and sale of more than .5 grams of cocaine and received a twelve-year sentence.

- 2 -

hospital in mid-September. The Appellant testified that he did not move to Loudon County but resided at an address in Blount County upon his release from the hospital. Once released from the hospital, the Appellant contacted the Social Security Administration to begin receiving his check so that he could move to the assisted living facility. He stated that a nurse told him that she would contact the community corrections office about his moving to the assisted living facility. The Appellant also claimed that he telephoned the community corrections office several times and left voicemails.

In rebuttal, Mr. Stonis testified that the community corrections office is equipped with voicemail but never received any messages from the Appellant.

The trial court did not find sufficient proof that the Appellant associated with "people of ill repute" or moved to Loudon County without permission. The trial court also dismissed the allegation that the Appellant used cocaine and other controlled substances recreationally. However, the trial court did not find credible the Appellant's explanations concerning his failure to report and determined that the Appellant failed to report to community corrections upon his release from the hospital and also failed to report to MRT group therapy. Along with these violations, the trial court considered the Appellant's history of not reporting in other cases. The trial court ruled that the Appellant was "not a suitable person to remain on Community Corrections because he is not going to do what he is supposed to do" and revoked the sentence, ordering him to serve the remaining portion of his sentence in custody.

## II. Analysis

Generally, community corrections sentences are governed by the Tennessee Community Corrections Act of 1985. See Tenn. Code Ann. § 40-36-101. The Act provides as follows:

> The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld

absent an abuse of discretion.  Id.  An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred.  See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

On appeal, the Appellant's counsel concedes that this appeal presents no legally non-frivolous questions, Anders v. California, 386 U.S. 738 (1967), and that the trial court committed no abuse of discretion in revoking the Appellant's community corrections supervision and ordering him to serve his sentence in confinement.  Upon review, we agree.

### III. Conclusion

We affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.  By separate order accompanying this opinion, counsel's motion to withdraw is granted.

_____
NORMA MCGEE OGLE, JUDGE